[No. 13125. In Bank. — April 3, 1891.]

KIRK E. SMITH ET AL., MINORS, ETC., RESPONDENTS, v. ELIZA J. OLMSTEAD ET AL., APPELLANTS.

ESTATES OF DECEDENTS — WILL — SALE UNDER POWER — RIGHTS OF PRE-TERMITTED CHILDREN OF TESTATOR. — Where a will does not provide for the children of the testator, or show that the omission to do so was intentional, but gives to the testator's wife all of his property, with absolute power to sell any or all of it without application to or approval or authority of any court, a sale of the property by the wife of the testator, without any previous order of the court therefor, which is not shown to have been necessary for the payment of debts of the decedent, or expenses of administration, although confirmed by the court, does not transfer to the purchaser the title to the land as against the testator's children.

ID. — CONSTRUCTION OF CODE — OPERATION OF LAW — INHERITANCE OF PRETERMITTED CHILDREN — EFFECT OF WILL. — Under sections 1306 and 1307 of the Civil Code, providing that where a testator omits to provide in his will for any of his children, unless it appears that the omission was intentional, the child succeeds to the same portion of the estate of the testator as he would have received if the testator had died intestate, the child succeeds immediately, by operation of law, to the same portion of the real property as if no will had been made, the testator being regarded as dying intestate as to that portion, and every provision of the

will directly or indirectly attempting to dispose of such portion of the estate, except for the discharge of the decedent's debts or other charges of administration, is inoperative as against the child.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Chapman & Hendrick, Cope, Boyd & Fifield, John R. Jarboe, W. S. Goodfellow, Estee, Wilson & McCutcheon, E. R. Taylor, Garber, Boalt & Bishop, Stanly, Stoney & Hayes, E. J. Pringle, Smith & Pomeroy, Auguste Comte, Jr., Henry C. Campbell, A. H. Loughborough, Mastick, Belcher & Mastick, Page & Eells, Craig & Meredith, and Olney, Chickering & Thomas,* for Appellants.

Under a power in a will, a sale by an executor without an order of court is valid, but where no title or interest is vested in the executor, the sale must be confirmed. (Code Civ. Proc., sec. 1561; *In re Delaney,* 49 Cal. 85; *In re Durham,* 49 Cal. 495; *Larco* v. *Casaneuava,* 30 Cal. 567.) The order confirming the sale is a proceeding *in rem,* and should be binding upon all the world. (Code Civ. Proc., sec. 1908; *Coales* v. *Hughes,* 2 Binn. 507; *Bayly* v. *Muehe,* 65 Cal. 340.)

*E. Edgar Galbreth,* and *Anderson, Fitzgerald & Anderson,* for Respondents.

The will, and the sale thereunder, is void as to the pretermitted children, who take by inheritance, as if the testator had died intestate. (*Pearson* v. *Pearson,* 46 Cal. 610; *Smith* v. *Robertson,* 24 Hun, 210; 89 N. Y. 555; *Northrop* v. *Marquam,* 16 Or. 173; *Bradley* v. *Bradley,* 24 Mo. 320; *Burch* v. *Brown,* 46 Mo. 441; *In re Ridle Estate,* 14 Phila. 327; *C. B. & Q. R. R. Co.* v. *Wasserman,* 22 Fed. Rep. 872.) The probate court cannot by confirmation give effect to a void sale. (Myer's Federal Decisions, 608; *Townsend* v. *Tallant,* 33 Cal. 54.)

DE HAVEN, J. — This is an action for the purpose of determining conflicting claims to real property.

The record shows that one Z. B. Smith, now deceased, in his lifetime made a last will, by which, after directing the payment of his debts, he, in terms, gave to his wife all of his property, with "absolute power to sell any or all of said real and personal property, at public or private sale, with or without advertisement, and without application to any court, and without approval or authority of any court whatever." In a subsequent clause the wife was also named as executrix of the will. She duly qualified as such, and sold to the defendants the property described in the complaint. Such sale was made without any previous order therefor; but was afterwards confirmed by the court in which the administration of her deceased husband's estate was pending. The land was community property. The record does not show that the sale was necessary for any of the reasons stated in section 1536 of the Code of Civil Procedure, that is, in order "to pay the allowance of the family, or of the debts outstanding against the decedent, or the debts, expenses, or charges of administration, or legacies."

The plaintiffs are minor children of the said Z. B. Smith, deceased, and are not provided for in said will, nor does the will show that the omission to provide for them was intentional.

There has never been any distribution of this property, and the administration of the estate of said Smith is still pending.

The judgment of the court below was in favor of plaintiffs, and the defendants appeal. This judgment was affirmed by department one of this court, on January 25, 1890, but a hearing in Bank was afterwards ordered, and the case is now before us for determination.

The question for decision is, whether, upon the facts as here stated, the power of sale contained in the will is so far operative against the plaintiffs that a sale made

under it, and confirmed by the court, transferred to the defendants the title to the land in controversy. To determine this, a brief reference to the language of the law relating to wills, and the right to succession of property of a decedent, in the absence of a will disposing of it, is necessary.

By section 1307 of the Civil Code it is provided that where a testator omits to provide in his will for any of his children, unless it appears that such omission was intentional, such child "must have the same share in the estate of the testator *as if he had died intestate,* and succeeds thereto, as provided in the preceding section." That is, "the child *succeeds* to the same portion of the testator's *real and personal property that he would have succeeded to if the testator had died intestate."* (Civ. Code, sec. 1306.)

We are unable to construe these sections otherwise than as declaring that the pretermitted child succeeds immediately by operation of law to the same portion of the testator's real property as if no will had been made; that as to such portion the testator is to be regarded as dying intestate, and its succession is directed by law, and not by the will. And as a necessary legal consequence of this construction, it would follow that every provision in the will directly or indirectly attempting to dispose of such portion of the estate, except for the discharge of the decedent's debts, or other charges accruing in due course of administration, is inoperative as against such child.

As to the rights of a pretermitted child under these sections, this court has heretofore held: "In other words, the child succeeds to the same portion of the testator's real and personal property that he would have succeeded to if the testator had died intestate." (*Estate of Wardell,* 57 Cal. 489.)

Sections 16 and 17 of the act concerning wills (Hittell's General Laws, 1086), and section 1 of the statute

of descents and distributions (Hittell's General Laws, 323), are substantially the same as the provisions of our Civil Code relating to the same subjects; and this court, in *Pearson* v. *Pearson*, 46 Cal. 609, basing its decision on these statutes, held, explicitly, that the pretermitted child takes the same share in the estate, and holds by the same title, as though the testator had died intestate.

Now, in the case of a person dying intestate, his estate descends and vests immediately in his heirs, subject only to the payment of the debts of decedent, the expenses of administration, and the family allowance. This is not only clear from sections 1383, 1384, 1386, and 1402 of the Civil Code, but was so expressly held by this court in *Brenham* v. *Story*, 39 Cal. 188, under statutes substantially the same, the court saying: "Upon the death of the ancestor the heir becomes vested at once with the full property, subject to the liens we have mentioned; and subject to these liens and the temporary right of possession of the administrator, he may at once sell and dispose of the property, and has the same right to judge for himself of the relative advantages of selling or holding that any other owner has."

The respondents in this case were, immediately upon the death of their father, clothed by operation of law with such a title to the property in controversy, and this being its nature and extent, it is clear that such title was not divested by the sale made by the executrix of their father's will, under the circumstances disclosed by the record in this case. A title to property, which is so full and complete that its possessor has "the same right to judge for himself of the relative advantages of selling or holding that any other owner has," cannot co-exist with the right of another to transfer such property at discretion, and the power exercised by the executrix in this case, being inconsistent with the title which the law vested in the respondents upon the death of the father, cannot be upheld.

These views are in harmony with the decisions of other states, where statutes relating to wills and right of succession are similar to our own. (See *Northrop* v. *Marquam*, 16 Or. 173; *Smith* v. *Robertson*, 89 N. Y. 558.) But it is urged by appellant that these cases are not in point, because in neither of the states in which the decisions were made was there a statute similar to section 1561 of the Code of Civil Procedure, which provides that when " authority is given in the will to sell property, the executor may sell any property of the estate without order of the court, and at either public or private sale, and with or without notice, as the executor may determine," but that " no title passes unless the sale be confirmed by the court "; and it is claimed that the sale here, having been confirmed by the court, is valid under that section. But we think it is manifest that in determining the question whether in judgment of law authority to sell has in fact been given to an executor, the section can have no application. It is equally clear that the authority to sell therein referred to must be held to include only such an one as is operative and binding upon the person against whom it is asserted; and unless such an authority can be found in the will when such will is read and construed with reference to the law which determines its meaning and legal effect it must be held that it was not given, — and in that case there is nothing upon which this section of the code can act.

The case of *Coates* v. *Hughes*, 3 Binn. 498, cited and relied on by appellants, is not in conflict with the views we have announced. The power under consideration there was confined to a sale for the payment of the debts of the testator, and it appeared that there was a necessity for the sale for such purpose, and the court held, and we think rightly, that such a power was operative. The reason why, in such a case, the power of sale would be operative, is apparent. The child who succeeds to the estate of his ancestor, by inheritance, takes it subject to

the payment of the debts of such ancestor, and his right of succession is in no wise affected by a provision in a will which goes no further than to authorize what the law would in any event direct to be done, if necessary to discharge such lien. In such a case the executor is only clothed with the ordinary powers incident to the administration of the estate,—in fact, the precise power which the law gives an administrator of the estate of an intestate.

The order of confirmation imparted no validity to the sale in this case; it only adjudicates that the power contained in the will had been followed, and that the sale was for a fair price.

We are satisfied with the conclusion reached in Department One.

Judgment affirmed.

GAROUTTE, J., McFARLAND, J., SHARPSTEIN, J., and PATERSON, J., concurred.

HARRISON, J., concurring.— I concur in the order affirming the judgment, both for the reasons expressed in the opinion of Mr. Justice De Haven, and also upon the following considerations:—

Section 1402 of the Civil Code provides that "*upon* the death of the husband, one half of the community property *goes to* the surviving wife, and the other half . . . . *goes to* his descendants, . . . . subject to his debts, the family allowance, and expenses of administration." These are the "purposes of administration," referred to in section 1384 of the Civil Code, and are also the objects for which the court is authorized, under section 1536 of the Code of Civil Procedure, to direct a sale of the property of the decedent. The right of the children and the right of the surviving wife to the community property exist by virtue of the same section of the code, and are declared in identical words; and inasmuch as it is the settled rule that the right of the surviving wife to her half of the community property vests in her im-

mediately upon the death of the husband (*Estate of Silvey*, 42 Cal. 210), it must also be held that the right of the children to their half of the same property vests in them at the same time.

In *King* v. *La Grange*, 50 Cal. 328, it was held that a power of sale in the will did not authorize a conveyance by the executor of the wife's share of the community property, and that a conveyance by the executor, under such power, of the real estate of the deceased, did not have the effect to transfer the interest of the wife as the survivor of the community. It is true that the conveyance in that case was only of the " right, title, and interest " of the decedent in the property, but the decision in the case does not turn upon this distinction, and in reality such a distinction does not exist. At the date of the conveyance, the testator, being dead, had of course no " right, title, or interest " in the property; and the conveyance by the executor, under the power contained in the will, being like a conveyance under any other power of attorney (*Larco* v. *Casaneuava*, 30 Cal. 560), would necessarily be limited to such right, title, and interest as existed in his constituent at the date of his death, the point of time when the authority of the executor came into existence. If a conveyance under a power of sale given in the will is inoperative to transfer the interest of the wife, it must be equally inoperative to transfer the interest of the children. In accordance with the principles established by the decision in *King* v. *La Grange*, 50 Cal. 328, it is the usual, if not the invariable, custom of conveyancers in this state, when community property of a decedent is sold by the executor, under a power given by the will, to require a release or conveyance of the same property from the surviving wife. This rule or custom was followed in the present case, since it appears from the record that the purchaser took a deed of the land in question from the surviving wife individually, as well as in her representative capacity.

Rehearing denied.