189 So. 549

TOOMER et al. v. VAN ANTWERP REALTY CORPORATION et al.

1 Div. 49.

Supreme Court of Alabama.

June 1, 1939.

John N. Allen, Nicholas E. Stallworth, and Harry T. Smith & Caffey, all of Mobile, for appellants.

90

Faith & Holland, of Mobile, for appellees.

BROWN, Justice (after stating the facts).

The appellants insist ·that the birth of children to Anna Virginia Spotswood, subsequent to the execution of the will, operated by force of the statute of that time, Code 1876, § 2284; Code 1886, § 1955, now Code 1923, § 10585, a total revocation

of the will of said Anna Virginia Spotswood, and that her said property passed by the process of devolution under the statutes of descent and distribution, the husband taking a life estate under the statute, Code 1886, § 2353, which gave him one-half of the personalty "and * * * the use of the realty during his life," and the five surviving children took, speaking in the strict sense, by inheritance, a vested fee in remainder. Code 1886, § 1915; Code 1923, § 7365.

It is the contention of appellees, on the other hand, first, that when the will is construed in the light of the fact that the testatrix was at the date of the execution of the will an expectant mother, more than six months advanced in pregnancy, of which she must have been conscious, it was her purpose, manifested by the execution of the will, to disinherit any children that might be born to her, and give the property to her husband, leaving the children the objects of his bounty, and the will if so construed removes it from the influence of the statute. Code 1876, § 2284; Code 1886, § 1955; Code 1923, § 10585.

Appellees further insist that §§ 10586 and 10587 of the Code of 1923, which first appeared in the Code of 1852, and have been brought down through the several Codes without change, construed in pari materia with § 10585, as they must be, confer on each of the after born children a separate right of action to recover their portion or share and designate the property out of which such claim must be satisfied and by whom contributions must be made, and by their laches and long delay they have lost their right to invite judicial investigation thereof.

The correctness or not of these several contentions depends upon the interpretation of these statutes, which we now set out in full, with italics supplied:

Section 10585: *"When child born after will takes as in case of intestacy.*—Whenever a testator has a child, born after the making of his will, either in his lifetime or after his death, *and no provision is made in the will in any way for such contingency, such birth operates as a revocation of the will, so far as to allow such child to take the same share of the estate of the testator as if he had died intestate."*

Section 10586: *"Manner of setting apart such child's portion.*—The portion which such child *is entitled to recover and receive,* under the provisions of the preceding section shall be taken and *recovered from the estate of the testator,* and from the *parts of devisees and legatees, as follows:*

"(1) If there be any real or personal estate of the testator, which has not been devised or bequeathed by his will, and there are other children, or the descendants of other children, capable of taking the same by descent, and a widow, or any of them, the share of such child, which it would take by descent or by distribution, with such widow and other heirs, or any of them, must be applied towards the payment of the portion of such child; and if there are no other children, or the descendants of other children, the whole of such part of the real or personal estate, or so much thereof as may be necessary, must be applied to the payment and discharge of such portion.

"(2) If the same is insufficient to *pay and discharge* such portion, then any part of such estate which would have gone to the residuary legatees, of the testator, other than the widow, or any of his children, or so much of such part of the estate as may be necessary, must be taken and applied to the payment of such portion.

"(3) If such portion be not thus paid and satisfied, the same, or the balance thereof, *must be taken from the devisees and legatees* of the testator, *in proportion to the value of what they would respectively be entitled to receive under the will."*

Section 10587: *"If child die before receiving its portion, it passes by will.*—If any such child die before receiving its portion, without descendants, such portion, or so much thereof as has not been received, passes by the will, as if such child had not been born."

The legislative intent manifested by incorporating into said Section 10585, the words "and no provision is made *in the will* in any way for such contingency," was to particularly prescribe the character of evidence necessary to preclude the application of the statute to the will, and to guard against the uncertainty of looking into the mind of the testator or testatrix through extrinsic facts depending on parol testimony. This, as we construe it, was the holding of the opinion of the court in Shackelford v. Washburn, 180 Ala. 168, 60 So. 318, 43 L.R.A.,N.S., 1195, when read in the light of Gay v. Gay, 84 Ala. 38, 4

So. 42, and reiterated and reaffirmed in Woodliff v. Dunlap, 187 Ala. 255, 65 So. 936, and Ensley et al. v. Hodgson et al., 212 Ala. 526, 103 So. 465.

■ This interpretation of the statute does not preclude evidence going to show the circumstances and condition of the testator, the property to be disposed of and the objects of the testator's bounty to aid the court in the interpretation of language of doubtful meaning, used in the will and designed to provide for the contingency, or where other legal and competent evidence admitted in the case raises a latent ambiguity as to the meaning of such language. Thomas v. Reynolds, 234 Ala. 212, 174 So. 753; Money et al. v. Money et al., 235 Ala. 15, 176 So. 817; Fowlkes et al. v. Clay et al., 205 Ala. 523, 88 So. 651; Chambers v. Ringstaff, 69 Ala. 140.

The complainants' case must stand, if all, upon the hypothesis, asserted by them, that the posthumous birth of children to the testatrix *revoked the will in its entirety.* Stated in other words, in contemplation of law she died intestate and her property passed to her husband and surviving children under the statutes of descent and distribution, the husband *taking a life estate* under § 2353 of the Code of 1886, and the surviving children a *vested fee in remainder.* This hypothesis is not supported by the decision in Kidd et al. v. Borum, 181 Ala. 144, 61 So. 100, 105, Ann.Cas.1915C, 1226. In that case the posthumous child was not pretermitted, but was provided for and took a vested remainder with the other children of the testator under the will. The will provided: *"'And in the event my said wife should have any other child, or children by her present marriage, that such child or children born of my said wife by her present marriage, that it or they be made equal with my children above mentioned in said property.'"* [Italics supplied.]

What is now, in substance, § 10585 of the Code of 1923, originated in the Acts of the Legislature of the Mississippi territory of 1806, providing for the execution of wills. Section 6 of said Act provided: "When any child shall be born after the death of the father, without having any provision made in his will, every such posthumous child shall have the same share of the estate of his or her father, that such child would have had, if the father had died intestate, and such share shall be assigned to him or her accordingly, *to be*

*taken in proportion from the legatees and devisees of such will."* Aikin's Digest, p. 449. [Italics supplied.]

This statute was brought forward into the Code of 1852 as § 1599 in the exact language of § 10585 of the present Code, 1923, and §§ 1600 and 1601, incorporated in the Code with it. These three sections have been brought forward through the several Codes since that day without change, and are as heretofore set out as §§ 10585, 10586 and 10587.

■ The will of Mrs. Anna Virginia Spotswood, before us in this case, disposed of all of her property "belonging or which may hereafter come to me"—"my property and effects real and personal." By the letter and spirit of these statutes the will was not revoked *in toto,* but only in "so far as *to allow such child to take the same share of the estate"* of the testatrix as if she had died intestate. [Italics supplied.] The statute does not declare that she died intestate, or that her estate shall be administered as the estate of an intestate, nor does it declare that the statutes of descent and distribution shall control the passing of the title to the property. Said § 10585, by reference, merely sets up the statutes of descent and distribution as the standard and yard stick by which the share of the pretermitted child shall be measured, and §§ 10586 and 10587 declare the method of apportionment in satisfaction of the share and the right to compel contribution from the devisee or devisees under the will. Hervey Rockwell et al. v. Florence Geery et al., 4 Hun, N.Y., 606; Herbert H. Sanford v. Maria D. Sanford et al., 4 Hun, N.Y., 753; Branton v. Branton, 23 Ark. 569; Trotter et al. v. Trotter et al., 31 Ark. 145; 18 C.J. 842, § 75.

In short, the statute, when read into the will, makes the will provide for the pretermitted child or children as though such provision as the statute makes had been written into the will by the testatrix. As expressed by the Arkansas court in Trotter et al. v. Trotter et al., supra, "All that these plaintiffs [pretermitted children] have a right to is, that they shall have an equal share of the estate with the children named in the will; the will is not broken, but *they are let in upon equal terms as beneficiaries."* [Italics supplied.]

This is clearly the effect of the holding in Woodliff et al. v. Dunlap, supra, wherein this court held that where the testator bequeathed all of his property to his wife

with the power of disposal as executor "as she may deem best" without duty to account for the proceeds, the posthumous birth of children unprovided for in the will did not revoke the will in its entirety, but only so far as she was relieved of the duty as executor to account. Justice De Graffenried, speaking for the court, observed, inter alia [187 Ala. 255, 65 So. 938]:

"When the legislative purpose in enacting a statute is plain, then the statute should be construed to meet the legislative purpose, and *only that purpose.* The *mere* letter of a statute should not extend the operation of a statute beyond the plain purpose of the Legislature in passing the statute. While the words 'revocation' and 'intestate' appear in the above-quoted section 6160 [10585], the statute meant simply to secure to a child born after the execution of a will, and who is not provided for in the will, a child's share in the real and personal property of the estate of the testator, unless the testator, in his will, shows that he intended that such child should not participate in his estate. The statute was not intended to operate upon a clause in a will appointing an executor or upon a clause conferring upon an executor, in the execution of his trust, the power to sell the property of the testator. To hold otherwise would be to set at naught the history of the subject now under consideration and the reasons which underlie the statute itself.

\*　　\*　　\*　　\*　　\*　　\*

"In the third clause of the will the testator vests Mrs. Myrtle Kidd Dunlap with an absolute power of sale over his property. This power is plainly given to her as executrix, for, in the second clause of his will, he devised to her absolutely all of his property. The third clause, however, declares that his said executrix shall not be required 'to account therefor,' meaning that she shall not be required to account for the proceeds of the sale of any of the testator's property. In our opinion, Mrs. Myrtle Kidd Dunlap, as executrix, under the terms of her husband's will, has the power to sell his property without an order of court. Under the law, however, as there are children born to the testator after the execution of the will, for whom no provision is made in the will, she must account for the proceeds of the sale of any property which she may make as executrix. As there are

after-born children not provided for in the will, and as the will does not show that the testator did not intend for such after-born children to participate in his estate, section 6160 of the Code of 1907, *in connection with which this will must be construed,* requires that the executrix shall account to such children in the way in which she would have been required to account to them if her husband had died intestate. In other words, taking into consideration the history of the law on this particular subject to which our attention is addressed, and the reasons which actuated the Legislature in enacting what is now section 6160 of the Code (see Shackelford et al. v. Washburn et al., supra), we are of the opinion that said section has had no effect upon the power of sale which, in the third paragraph of the will, is conferred upon the executrix, but that it has abrogated and annulled, on account of the birth of issue to the testator subsequent to the execution of the will and for whom no provision is made in the will, so much of said paragraph 3 as exempts the executrix from accountability to such after-born children." [Italics supplied.]

There is nothing in the opinion of the court in Ensley et al. v. Hodgson et al., supra, that militates against the view above expressed. In truth it clearly supports what we now hold.

That was a strict bill of review, and appellants here place much emphasis on the word "inherited" as used in the following sentence: "After his [testator's] death another child, Mary Beecher Ensley, now Mary Beecher Ensley Murrelle, was born to his wife, and the question now presented for decision is whether this last-named child *inherited* an interest in a valuable tract of land in Jefferson county in this state." [Italics supplied.]

While the word "inherit" used in its strict sense as a word of limitation denotes only the passing of real property by descent, yet it is sometimes applied in a more general sense to take by will, and in its broader meaning it is frequently applied to personal property. 31 C.J. 1198; De Kay v. Irving et al., 5 Denio, N.Y., 646, 655.

The subsequent utterances in the court's opinion in the Ensley case clearly show that the word was not used in its strict sense in that case. After quoting the pertinent provisions of the will and the stat-

ute, now § 10585 of the Code 1923, the opinion proceeds:

"Considering a bill for the partition, or a sale in lieu of partition, of the land in question, and giving effect to the section of the Code quoted above, the chancery court of Jefferson, in 1914, decreed that the will provided for the contingency of the birth of Enoch Ensley, Jr., and so that testator's disposition of his estate was not to be opened for the benefit of Enoch, Jr., but that no provision had been made for the contingency of the birth of other children, and so that Mary Beecher Ensley, now Mary Beecher Ensley Murrelle, *was entitled to be let in for a share of testator's estate* as in case of intestacy. * * * the theory of complainants' case being that the court erred in holding that testator made no provision for his posthumous daughter, and *so that the will was erroneously opened for her benefit.* This interpretation of the will was denied by the decree sustaining a demurrer to the bill of review.

"The decree of the trial court was correct. Testator made no provision for the contingency of the birth of a posthumous daughter. The Supreme Court of Tennessee, construing this will, so held in Ensley v. Ensley, 105 Tenn. 107, 58 S.W. 288, saying that there was no serious question made but that Mary, the posthumous child, should be treated as pretermitted and entitled to take under the statute as if the father had died intestate. What else that court held concerning the provisions of the will is of no consequence so far as concerns this cause. As we have indicated, *the law of the will as affecting the title* to realty in this state is to be determined by the courts of this state; but we have referred to the opinion of the Tennessee court as tending, in reason, to support our conclusion so far as concerns the question in litigation, stated above. * * * Our conclusion is that the trial court correctly *construed the will* and that the demurrer to the bill of review was properly sustained." [Italics supplied.]

These utterances are consistent with the view that the will and the disposition of the testator's estate was properly opened by the chancery decree of 1914, and the court, by reading into the will the statute, let the posthumous daughter in for her child's share of the estate as measured by the statutes of descent and distribution, and is not inconsistent with the thought that the title of the property passed under the will impressed with the trust arising from the circumstances of the posthumous birth of said daughter.

In jurisdictions where the courts hold that the pretermitted child succeeds immediately, by operation of law, to the same portion of the testator's real estate as if no will had been made, taking title under the statutes of descent and distribution, they hold that a power of sale conferred on the executor can not stand, as it is inconsistent with the title of the heir. 28 R.C.L. 84, § 33; Kirk E. Smith et al. by P. M. Scott, Guardian v. Eliza J. Olmstead, 88 Cal. 582, 26 P. 521, 12 L.R.A. 46, 22 Am.St.Rep. 336.

■ To hold that the title of the testatrix did not pass to the devisee under the will, of course impressed with the trust and duty to account to the other beneficiaries of the estate, would be to ignore the provisions of § 10586 of the Code, which provides for the method of satisfying and "paying" to the pretermitted child its share and imposes on the devisees in the will the duty to contribute out of their share received under the will to the satisfaction of the pretermitted child's share. Such holding would impute to the legislators and codifiers running through three quarters of a century of legal history the use of foolish and meaningless language.

■ Certain it is that the husband did not take a life estate under § 2353 of the Code of 1886, providing for statutory courtesy, for it only applied in case the married woman died intestate.

■ Now to cast the net result in the instant case [laying out of view the patent fact that the testatrix at her death had at most an equity of redemption, and assuming for the instant, that William Spotswood, as executor, has not accounted to his children], we hold that the entire title passed under the will to the sole devisee, impressed with a trust imposing on the executor of said will the duty to account, and on such sole devisee the duty of contribution to the satisfaction of the share of each of said children, as measured by the statutes of descent and distribution, to be ascertained and adjudged by a court of competent jurisdiction, having jurisdiction of the administration of the estate. If such accounting and contribution is not had during the administration of the estate, and before it is closed, such pretermitted

96

children, on timely application to a court of equity, may have the administration of the estate opened and be let in to participate as was done in the case reviewed in Ensley et al. v. Ensley et al., supra.

Under the provisions of § 10587, the share of the children who survived the testatrix but died before receiving their share, passed under the will to the devisee, and not to the brothers and sisters and the father under the statutes of descent and distribution.

The sale of the lands by William Spotswood to Masson in 1894 passed to Masson the legal title and was a breach of the trust imposed on him by the will, supplemented by the statute, and such breach, complainants not having a vested fee in remainder, armed them with the right to proceed, and their delay of more than forty years forecloses judicial investigation, and all things will be presumed in the interest of repose. Robinson et al. v. Pierce, 118 Ala. 273, 24 So. 984, 45 L.R.A. 66, 72 Am.St. 160; Smith v. Dallas Compress Co. et al., 195 Ala. 534, 70 So. 662; Veitch et al. v. Woodward Iron Co., 200 Ala. 358, 76 So. 124; Herren et al. v. Beck et al., 231 Ala. 328, 164 So. 904.

After lapse of twenty years without question, in the interest of repose, the presumption will be indulged that full settlement was made with complainants. Woodstock Iron Co. v. Fullenwider, 87 Ala. 584, 6 So. 197, 13 Am.St.Rep. 73; 78 A.L.R. 242; Laird et al. v. Columbia Loan & Investment Co., 216 Ala. 619, 114 So. 208.

There is another phase of the case, as to which there is no dispute in the evidence, and that is Anna Virginia Spotswood at the time of her death at most held an equity of redemption in the property, the legal title at that time being in Deegan and Bond [or probably in Festorazzi], as mortgagees, under whom the defendant Van Antwerp Realty Company claims title, and any action to enforce such equity, is barred by the statute of limitations of ten years. Richter v. Noll et al., 128 Ala. 198, 30 So. 740.

The decree of the circuit court is therefore due to be affirmed. It is so ordered by the court.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.