BOLIN, Judge.
James R. Reynolds, executor of the succession of his wife, Karita Young Reynolds, ruled the ex-officio tax collector for the Parish of Caddo into court to show cause why it should not be judicially determined that no inheritance tax was due by the succession.
The tax collector answered the rule asserting that assets in a foreign trust, established by decedent in 1959, should be included in the succession for the purpose of ascertaining the inheritance tax due.
The trial judge rendered judgment decreeing the assets in the trust to be a part of decedent’s estate for the purpose of computing the inheritance tax due the State of Louisiana, and Reynolds appeals. We affirm the ruling of the lower court.
The facts of this case are not in dispute. On June 1, 1959, Karita Y. Goeller, later Karita Young Reynolds, entered into a trust agreement with her father, R. A. Young, as trustee, who was and remained a domiciliary of Oklahoma. The property conveyed by the trust instrument was comprised of .stocks, bonds, debentures, treasury bills, cash, and a mineral interest, total value of which was $486,694.96. These intangibles were at all times physically lo *812 cated in Oklahoma. Pertinent parts of the trust agreement were as follows:
ífí sjc ifc ^ Hi
2. This trust shall remain in force and effect throughout the life of the Trustor ; however, it is understood and agreed that the trust herein created is revocable by the Trustor during her lifetime. In the event of revocation of the trust, the Trustee shall be notified in writing by the Trustor.
* * * * * *
9. Distribution of Trust upon Trustor’s Death. Upon the death of the Trustor, the Trustee shall pay all the just debts of the Trustor which are not otherwise paid and satisfied . . . and shall make division and distribution of the remainder of the trust estate as follows, to wit: . . .
b. In the event the Trustor dies without surviving children, natural or adopted;
(1) The following designated share of the said remainder shall be distributed forthwith to the Trustor’s husband,
If the marriage has existed eight years but less than fifteen years, the distributive share shall be twenty per cent of said remainder;
^ ‡ s}c j|c % ^
(2) The remainder of said trust estate shall be vested indefeasibly in Trustor’s sister, Carolyn Y. Hodnett.
Karita Young Reynolds died without revoking the trust agreement. She was domiciled in Caddo Parish, Louisiana, at the time of her death on October 28, 1970. She left no descendants and was survived by her father, mother and sister, and by her husband to whom she had been married for nine years. The father and mother renounced any interest in the succession.
Karita Young Reynolds died testate bequeathing all of her property to her husband, James R. Reynolds. The will was probated and Reynolds was confirmed as testamentary executor of the estate. Thereafter, he filed a descriptive list of her assets, but excluded the assets of the trust.
Reynolds argues the trust was not executed in contemplation of death and, therefore, under Louisiana R.S. 47:2402, the assets of the trust are exempt from taxation. He also argues the court does not have jurisdiction over the trust assets because (1) the assets are located in Oklahoma, (2) the trustee is a resident of Oklahoma, (3) the sister is a non-resident of Louisiana, and (4) there has been no service of process upon the trustee or sister.
Pertinent to the first argument are the following Louisiana statutes:
R.S. 47:2401:
“There is hereby levied a tax upon all inheritances, legacies and donations and gifts made in contemplation of death, except such as are hereinafter specifically exempted.” (Emphasis ours)
R.S. 47:2404:
“A. Except as provided in Subsection (C) of this section and except to the extent of the exemptions provided in R.S. 47:2402 the tax shall be imposed with respect to all property of every nature and kind included or embraced in any inheritance legacy or donation or gift made in contemplation of death, including all immovable property and all tangible movable property physically in the State of Louisiana, whether owned or inherited by, or bequeathed, given or donated to a resident or nonresident, and whether inherited, bequeathed, given or donated under the laws of this state or of any other state or country. The tax shall also be imposed with respect to all movable property, tangible or intangible, owned by residents of the State of Louisiana, wherever situated; provided that the tax shall not be imposed upon any transfer of intangible movable property owned by *813 a person not domiciled in this state at the time of his death. (Emphasis ours)
“B. In the event that any real estate is included in the estate of the decedent and is bona fide mortgaged in an amount in excess of fifty per centum of its value, in computing the equity of value of such estate for the purposes of assessing an inheritance tax, the apparent margin between the appraised value of such realty and the mortgage incumbrance thereon shall be reduced by an amount equal to twenty per centum of such encumbrance.
“C. Notwithstanding the provisions of this section or of any provision of law, there shall be excluded from the property subject to the tax imposed in this Part any proceeds receivable by any beneficiary (other than the estate of the decedent) under any life insurance policy, or any retirement or pension plan, trust, system or policy.”
R.S. 47:2406:
“The burden of proving facts establishing exemptions from the tax imposed by this Part is upon the person claiming the exemption.
“All donations or transfers of property for inadequate consideration within one year prior to the death of the owner thereof shall be separately listed in the inventory or sworn statement of the property composing the estate of the decedent, and shall be presumed to have been made in contemplation of death and in avoidance of the tax herein levied, and unless this presumption is overcome by sufficient evidence, the property shall be deemed a part of the succession of the person who has so donated or alienated the property for purposes of computing the inheritance tax due by the succession, legatees or heirs of the person.
“Donations and transfers prior to one year of death may be always inquired into and if shown to have been made in contemplation of death and in avoidance of taxes, then the same shall be likewise liable to the tax.”
Counsel for Reynolds has presented us with an exhaustive brief much of which is devoted to.a discussion of the validity of the trust and citation to authorities supporting its validity. Since appellee has not attacked the validity of the trust we find it unnecessary to go into this question. For purposes of this- case we accept its validity.
His principal contention is that a revocable inter vivos trust is not taxable under the Louisiana inheritance tax statute because the statute permits taxing of donations or gifts made “in contemplation of death” but does not provide for taxation of “transfers intended to take effect in possession or enjoyment at or after death.” He argues the revocable inter vivos trust involved in this case was not a “gift in contemplation of death” but was a gift intended to “take effect in possession or enjoyment at or after death”. However, we are of the opinion the language of our present statute is sufficiently broad to embrace the revocable trust in the instant case.
By the terms of the agreement, the trustor could revoke the trust by notifying the trustee in writing of her desire to do so. In the absence of a revocation, at her death the assets were to be distributed by the trustee to the named beneficiaries. Clearly then, the trust agreement contemplated that there be a gift upon the death of Karita Young Reynolds if she so chose. She retained control over the corpus of the trust and, had she chosen, could have revoked it and regained the entire estate for her own use or could have changed the manner of the distribution of the assets at her death. Having died without revoking the trust agreement, the assets of the trust passed to her designated beneficiaries under the agreement.
*814 As this court stated in Succession of Bendel, 116 So.2d 84, 87 (La.App.2d Cir. 1959),
“ . . . there can be no precise delimitation of the transaction embraced within the conception of transfers ‘in contemplation of death,’ as there can be none in relation to fraud, undue influence, or other legal concepts which are applicable to many varying circumstances. The necessity of giving careful consideration to the circumstances of each case to detect the dominant motive of the donor and to give effect to the purpose of a statute is manifest. Nor do we mean to imply that there must be a condition creating a reasonable fear death is near at hand. It is sufficient if the contemplation of death is the motive and the inducing cause of the transfer, whether death is imminent, or impending, or not.”
We are satisfied that by the trust agreement decedent made a “gift in contemplation of death” and as such the assets are taxable under our statute.
We find there is no jurisdictional problem involved, since the executor has come into court and filed a rule against the tax collector asking that the inheritance tax be fixed, and to judicially determine whether an inheritance tax was due the State of Louisiana. It was in response to this rule that proceedings were had and judgment rendered determining the amount of inheritance tax and declaring the amount due. This was all the judgment did and Louisiana has the constitutional right to tax these intangibles. See Curry v. McCanless, 307 U.S. 357, 59 S.Ct. 900, 83 L.Ed. 1339.
We hold that the tax was correctly computed and the judgment is affirmed with costs to be borne by James R. Reynolds, executor of the Succession of Karita Young Reynolds.