**William Howard DEASON, Appellant,**

v.

**Lillian Foreman ROGERS et al., Appellees.**

**No. 783.**

Court of Civil Appeals of Texas,
Corpus Christi.

Aug. 31, 1973.
Rehearing Denied Sept. 24, 1973.

Hatch & Yeager, Roland M. Yeager, Aransas Pass, for appellant.

Lola L. Bonner, Rockport, for appellees.

## OPINION

YOUNG, Justice.

This is a venue case. Lillian Foreman Rogers and Otho Childress filed suit in the district court in Aransas County, Texas, against William Howard Deason seeking to establish their rights under a will executed jointly March 15, 1943, by B. F. Deason and Ida Marie Deason, both deceased. Defendant filed a plea of privilege to be sued in San Patricio County, the county of his residence. Plaintiffs sought to maintain venue in Aransas County under Subdivisions 6, 11 and 18, art. 1995, Vernons Ann.Civ.St. (1964).

The only evidence at the hearing was documentary in nature. After a non-jury hearing, the trial court overruled the plea and the defendant has appealed.

B. F. Deason, deceased, was married three times. His first marriage ended in divorce, but of that marriage the defendant was born. Then B. F. Deason married Ida Marie Deason, the mother of the plaintiffs. No children were born or adopted during this second marriage, which was terminated in 1949 by the death of Ida Marie Deason. Mr. Deason's third wife survives him.

On March 15, 1943, B. F. Deason and Ida Marie Deason, his second wife, executed a joint and mutual will. The wife thereafter died and the 1943 will was admitted to probate in Tarrant County, Tex-as. The survivor, B. F. Deason, qualified as independent executor and received the benefits left to him by the will. Later, on December 20, 1951, B. F. Deason executed another will purporting to revoke all prior wills, and which named his son, William Howard Deason, independent executor and sole beneficiary. B. F. Deason died on February 4, 1971.

After his father's death, defendant made application to admit the 1951 will to probate. The application was granted by the county court of Arkansas County. To the order admitting the 1951 will to probate Lillian Foreman Rogers, one of the appellees, gave notice of appeal. However, she did not pursue the appeal. Instead, the appellees instituted this separate suit against the appellant to enforce their rights arising from the 1943 will executed by B. F. Deason (their stepfather), and Ida Marie Deason (their mother). In their petition the appellees requested a one-third interest each in all properties owned by B. F. Deason at his death; the imposition of a constructive trust or a lien on such assets; an accounting from the appellant; that the 1951 will be set aside; and that the joint and mutual will of 1943 be admitted to probate as the last will of B. F. Deason, deceased.

By a single point of error, the appellant contends that the trial court's action in overruling his plea of privilege was error because no exception to exclusive venue in the county of the appellant's residence exists in this cause. The appellees reply with reliance upon Subdivisions 6, 11 and 18, art. 1995, V.A.C.S. (1964).

■ Subdivision 6 reads as follows:

"Executors, administrators, etc.—If the suit is against an executor, administrator or guardian, as such, to establish a money demand against the estate which he represents, the suit may be brought in the county in which such estate is administered."

We agree with the language in Anderson v. Huie, 266 S.W.2d 410, 411 (Tex.Civ. App.—Dallas 1954, no writ) in regard to Subdivision 6 as follows:

" . . . Accordingly we hold that plaintiff has sufficiently proved his 'venue facts' under subdivision 6 if he proves by a preponderance of the evidence that (1) his suit is against an executrix *as such* to establish a money demand against the estate and (2) the suit was brought in the county in which the estate is administered . . . " (Emphasis supplied.)

In the case at bar the suit was filed against William Deason individually and not in his capacity as the executor of the estate of B. F. Deason. Also, in Crosson v. Dwyer, 9 Tex.Civ.App. 482, 30 S.W. 929 (1895, ref'd), in a suit by plaintiffs seeking a construction of a will and attempting to show the existence of a trust, this type of action was held not to be a "money demand" made against the estate. We hold, therefore, that the appellees have failed to establish the venue facts necessary to hold the case in Aransas County under Subdivision 6.

■ Exception 18 is as follows:

"Revision of probate.—Suits to revise the proceedings of the county court in matters of probate must be brought in the district court of the county in which such proceedings were had."

In 1 McDonald, Texas Civil Practice, § 4.-26 (1965), it is stated: "Subdivision 18 is not a venue statute. It fixes the jurisdiction of suits to 'revise the proceedings of the county court in matters of probate' in 'the district court of the county in which such proceedings were had'. " Appellees admit in their brief that they did not pursue their appeal from the probate court but that they chose to file this separate suit in the district court. We hold that the appellees have not sustained their burden of establishing the venue facts necessary to bring their case within Subdivision 18.

■ We find in Subdivision 11 the following:

"Inheritances.—If the defendant has inherited an estate concerning which the suit is commenced, suit may be brought in the county where such estate principally lies."

This subdivision has never been interpreted by the courts. The word "inheritance" is the key word to be construed, and the leading Texas case authority on the definition of "inheritance" is Pacheco v. Fernandez, 277 S.W. 197, 198 (Tex.Civ.App.—San Antonio 1925, ref'd), which says:

"The word 'inheritance', strictly construed, means something acquired as an heir at law, by descent, and in its contracted legal sense is used in contradistinction to property acquired through a will. It means in its restricted sense something obtained through the laws of descent and distribution from an intestate. While this is true where the circumstances indicate an intention to include a devise, the presumption will be destroyed that a grantor intended the term in its technical, legal sense. It is well known that in popular use of the word 'inheritance' is included property obtained by devise or descent. . . . "

The Supreme Court of Alabama in Toomer v. Van Antwerp Realty Corporation, 238 Ala. 87, 123, 189 So. 549, 554 (1939) recognized a broad definition in the following language:

"While the word 'inherit' used in its strict sense as a word of limitation denotes only the passing of real property by descent, yet it is sometimes applied in a more general sense to take by will. . . . "

The problem is in determining the meaning desired by the Texas legislature when the venue statute was enacted. In 1846 the Texas legislature passed An Act To Regulate Proceedings in the District Courts, which is the source of Art. 1995 in use today. In that original act today's Subdivi-

sion 11 was Subdivision Ninth, and the subdivision has been reenacted in substantially the same wording through the years to the time of enactment of Art. 1995, supra. There is no legislative history available showing the legislature's intent with respect to the definition of "inheritance" in the original act, and a study of the use of the word in other areas of the law would not be helpful since it is so commonly used in many different contexts. Art. 10, V.A. C.S. (1969) states that in determining the construction of all civil statutory enactments the ordinary signification shall be applied to words, except for words of art or words connected with a particular trade. Finally, in 53 Tex.Jur.2d Statutes § 148 (1964), it is stated:

"One of the primary and settled rules of construction is that words in common use, when contained in a statute, will be read according to their natural, ordinary, and popular meaning, unless a contrary intention is clearly apparent from the context, or unless there is some necessity, in a particular case, for adopting a different construction. . . ."

In the light of these rules of construction and by placing Subdivision 11 in the context of the entire venue statute, it would seem that no purpose would be served by limiting the defendants available under this subdivision to those who inherited their estates by the laws of descent and distribution. To a plaintiff seeking to sue a defendant who has inherited an estate within the context of this subdivision, it would make no difference whether the defendant took by devise in a will or by descent and distribution from an intestacy. Also, the legislature has never indicated any intention to limit it to the restricted meaning. Therefore, since the popular meaning of "inheritance" includes property obtained by either devise or descent, this meaning will be applied to the word in this statute. Since William Deason, appellant, acquired an estate by devise from his father's will, and since the appellees showed that the major part of the estate was located in Ar-

ansas County, William Deason is a defendant who fits this subdivision. This suit may be brought in Aransas County, the county where the estate is principally located. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.