**In the Matter of the Estate of SYDNEY H. CARTER, Deceased**

Probate No. 57-1971

District Court of the Virgin Islands

Div. of St. Croix

May 9, 1975

735

JAMES & RESNICK, ESQS. (JEFFREY L. RESNICK of counsel),
Christiansted, St. Croix, V.I.

YOUNG, *District Judge.*

MEMORANDUM OPINION AND DECLARATORY JUDGMENT

■ Josephine Carter Billow and T. Barton Carter, executors in this matter, filed a final accounting and petition for distribution of the estate of Sydney Carter. I have reviewed the final accounting and petition and I note that property in an inter vivos trust of Sydney Carter was included in the probate estate, and Virgin Islands inheritance tax was paid on the property passing in trust. The probate estate is limited to property which passes pursuant to the testator's will or by descent and distribution if the decedent died intestate. Property in an inter vivos trust does not pass under the will; therefore, it is not a part of decedent's probate estate. The Virgin Islands inheritance tax only applies to property passing via a will or intestate succession. The estate over-paid the Virgin Islands inheritance tax insofar as tax was paid on the property in the inter vivos trust.

■ Sydney Carter created an inter vivos trust by deed of trust on November 25, 1970. The trust was fully revocable by the grantor during his lifetime, he was the sole income beneficiary during his lifetime, and he retained an unlimited discretion to cause principal to be distributed to him. This trust is taxable by the Government of the United States, 26 U.S.C.A. §§ 2036–2038, but the Virgin Islands inheritance tax has a much narrower scope than the Federal estate tax. The Virgin Islands inheritance tax is contained in 33 V.I.C. §§ 1–4 and the applicable section is section 1:

"A tax of 2%[1] is hereby imposed on inheritances exceeding $200.00 which fall from husband to wife, from wife to husband, from ascendants to descendants or from children to parent."

---

[1] This section has been amended since decedent's death to provide for a tax of 5%.

At common law the word "inherit" means to take as an heir at law, by descent or distribution. An inheritance is an estate which descends or may descend to an heir by operation of law. In its strict meaning, "to inherit" is used in contradistinction to taking by will. 26 C.J.S., Descent and Distribution § 1(d). However, "to inherit" is sometimes also used in more general sense to mean to take by will. Toomer v. Van Antwerp Realty Corp., 189 So. 549, 238 Ala. 87, 123 A.L.R. 1063 (1939); In re Killen's Estate, 35 P.2d 11 (Wash. 1934). Property passing to another pursuant to a trust instrument does not pass by inheritance.

A revocable trust with income retained, such as the present trust, is a substitute for testamentary transfer and works as an avoidance of the inheritance tax. Statutes in many jurisdictions which formerly taxed property passing by will or inheritance were amended to close the avenues to tax avoidance by taxing inter vivos transfers in contemplation of death or intended to take effect in possession or enjoyment at or after the transferor's death. 42 Am.Jur.2d, Inheritance, Estate and Gift Taxes § 80. The trust involved in this cause would be taxable if the applicable statute taxed either inter vivos transfers in contemplation of death [Succession of Reynolds, 260 So.2d 811 (La. App. 1972)]; or transfers intended to take effect in possession or enjoyment at or after death. Bishop Trust Company v. Burns, 381 P.2d 687 (Hawaii 1963). The Virgin Islands statute contains neither provision nor any other provision that would make a valid inter vivos trust taxable on the death of the settler no matter what rights and powers are retained. The Virgin Islands inheritance tax applies only to property passing via intestate succession or by will.

The judgment in this matter is a declaratory judgment entered pursuant to 5 V.I.C. § 1264(c). The executor should file for a refund of the inheritance tax over-payment with the Government of the Virgin Islands. If any supple-

mental relief is necessary, it may be granted pursuant to 5 V.I.C. § 1268 after notice to adverse parties and a hearing.

## JUDGMENT

For the reasons stated in the foregoing Memorandum Opinion, it is hereby

ADJUDGED that the property subject to the trust of Sydney Carter established November 25, 1970, is not subject to the Virgin Islands inheritance tax.