GRIMES, Chief Judge.
This appeal involves an examination of the interplay between the antilapse statute and the laws of adoption.
Emma Hicks, who died on February 18, 1979, executed a will in 1966 which read in part:
All of the rest, residue, and remainder of the property which I may own at the *194 time of my death, real, personal and mixed, tangible and intangible of whatsoever nature and wheresoever situated including all property which I may acquire or become entitled to after the execution of this Will I bequeath and devise in fee unto my beloved grandnephew, JAMES SPARKMAN FLETCHER of Plant City, Florida, and my beloved grandniece, MARTHA LOU FLETCHER WEEKS of Orlando, Florida, equally share and share alike per stirpes.
James Sparkman Fletcher, one of the two people mentioned in the residuary clause of the will, was the natural father of Julie Catherine Turner and James Michael Turner. He and his wife divorced in 1962, and she received custody of the two children. In 1964 she married Clifford Turner. Mr. Fletcher, who did not remarry, died in 1970, and in 1971 Mr. Turner adopted the two children.
The personal representative of Mrs. Hicks’ estate filed a petition for determination of beneficiaries in order to establish whether Julie and Michael Turner should take under the residuary clause of the will. The court ruled that the Turners were not descendants of Mr. Fletcher, that the devise to Mr. Fletcher had lapsed, and that his share passed to Martha Lou Fletcher Weeks. From this order, the Turners now appeal.
In reaching its conclusion, the court considered two statutes. The first was the antilapse statute, Section 732.603, Florida Statutes (1979), which reads as follows:
732.603 Antilapse; deceased devisee; class gifts. — Unless a contrary intention appears in the will:
(1) If a devisee who is a grandparent, or a lineal descendant of a grandparent, of the testator:
(a) Is dead at the time of the execution of the will,
(b) Fails to survive the testator, or
(c) Is required by the will to be treated as if he predeceased the testator,
then the descendants of the devisee take per stirpes in place of the deceased devi-see. A person who would have been a devisee under a class gift if he had survived the testator shall be a devisee for .purposes of this section whether his death occurred before or after the execution of the will.
(2) If a devisee who is not a grandparent, or a descendant of a grandparent, of the testator:
(a) Is dead at the time of the execution of the will,
(b) Fails to survive the testator, or
(c) Is required by the will to be treated as if he predeceased the testator,
then the testamentary disposition to the devisee shall lapse unless an intention to substitute another in his place appears in the will.
The second statute was Section 63.172, Florida Statutes (1979), which provides in pertinent part:
(1) A judgment of adoption, whether entered by a court of this state, another state, or of any other place, has the following effect:

(b) It terminates all legal relationships between the adopted person and his relatives, including his natural parents, except a natural parent who is a petitioner or who is married to a petitioner, so that the adopted person thereafter is a stranger to his former relatives for all purposes, including inheritance and the interpretation or construction of documents, statutes, and instruments, whether executed before or after entry of the adoption judgment, that do not expressly include the adopted person by name or by some designation not based on a parent and child or blood relationship.

(2) If a parent of a child dies without the relationship of parent and child having been previously terminated and a spouse of the living parent thereafter adopts the child, the child’s right of inheritance from or through the deceased parent is unaffected by the adoption.
*195 The court found that although the antilapse statute would have allowed the Turners to take under the will had it not been for their adoption, because of Section 63.172 the fact of the adoption terminated their rights under the will. The Turners contend on the other hand that this resolution overlooks subsection (2) of Section 63.172. They point out that they fall within the terms of the subsection because their father died before Mr. Turner adopted them. Hence, they assert that their right to take through their father as set out in the antilapse statute is unaffected by the adoption.
We agree with the Turners’ position. The word “descendants” in the anti-lapse statute connotes those persons who are in the bloodstream of the ancestry. In re Estate of Hewett, 153 Fla. 137, 13 So.2d 904 (1943). Therefore, except for the limitations of adoption contained in Section 63.-172(1), there could be no question that the Turners were the descendants of their natural father, Mr. Fletcher. Section 63.172(2) removes any such limitations where matters of inheritance are concerned, and consequently makes the terms of the antilapse statute applicable to the present case.
Relying primarily upon some language in our opinion in In re Estate of Baker, 172 So.2d 268 (Fla. 2d DCA 1965), the trial court concluded that the right of inheritance as referred to in Section 63.172(2) was not involved because the Turners’ claim was based solely upon a right of lineal succession created by the antilapse statute. Not only did Baker predate the passage of Section 63.172, but it dealt with whether an adopted child could take under the antilapse statute as a lineal descendant of her adopting father. In light of Section 63.172(2), we do not believe that the language of Baker precludes the Turners from falling within the provisions of Section 732.603(1). Section 63.172(2) evinces a legislative recognition that the mere fact that a child is adopted by the spouse of one of his natural parents after his other natural parent dies can hardly be expected to diminish the affinity for the child held by members of the deceased parent’s family. We are confident that the legislature used the word “inheritance” in Section 63.172(2) in its modern day broad sense of receiving property from one’s ancestor at his death in whatever manner sanctioned by law. Toomer v. Van Antwerp Realty Corp., 238 Ala. 87, 189 So. 549 (1939); Rivers v. Rivers, 346 S.W.2d 376 (Tex.Civ.App.1961).
For essentially the same reason, we cannot accept appellee’s suggestion that the term “inheritance” as used in Section 63.-172(2) should be read so narrowly as to limit its application to intestate succession. Moreover, there is another statute, Section 732.108, Florida Statutes (1979), which deals with the effect of adoption by the spouse of a natural parent upon intestate succession. Thus, it is logical to assume that, at the very least, Section 63.172(2) must be applicable to testate succession.
We reverse and remand the case for entry of an order consistent with this opinion.
SCHEB and CAMPBELL, JJ., concur.