# Moore *v.* Parker Drug Co. *et al.*

### *Bill in Equity for the Appointment of a Receiver and to enforce a Claim of Lien.*

1. *Bill for the appointment of a receiver and to enforce a claim of lien; when priority of lien not shown to exist.*—One who had sold a stock of drugs and certain furniture and fixtures upon which he received part payment in cash and for the balance took a note which recited that "this note is secured by a first lien on the drugs, furniture and fixtures recently bought," of the seller, filed a bill in which he averred said sale and that the possession of the property had been delivered to the purchaser, a corporation; that after said purchase said corporation carried on the business in the usual course of trade but was, at the time of the filing of the bill, in failing circumstances; that all of the furniture and fixtures, and much of the stock remained in the store; but that the president and secretary of said corporation were removing or wasting said stock and that little would be left to the satisfaction of complainant's lien, unless there was a receiver appointed and said officers were enjoined from further waste. It was further averred in said bill as amended that the actions complained of were in fraud of all the creditors of said corporation, and that the complainant, therefore, filed said bill in his own behalf and in behalf of all other creditors of said corporation who might come in and contribute to

the expenses of the suit. The prayer of the bill was for an injunction and the appointment of a receiver to take charge of the property, manage and sell the same under the orders of the court for the enforcement of complainant's lien, and for general relief. *Held*: That said bill could not be maintained for the enforcement of the lien, the identity of the property alleged to have been covered by the lien not being shown, since a right of priority as to an undefined part does not give such right to a whole of the fund or of property, and further that the bill being filed as a general creditor's bill, no one of the creditors is entitled to priority as to his claim over the claims of other creditors.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed by the appellant, Thos. F. Moore, against the Parker Drug Company, a corporation, and W. B. Parker, as president and R. B. Dawes, its secretary. The purpose of the bill and the facts of the case are sufficiently stated in the opinion.

After the filing of the bill, a receiver was appointed. There was no defense interposed by either of the defendants and decrees *pro confesso* were entered against each of them. Subsequently a decree was rendered ordering a reference before the register to ascertain the indebtedness due by the Parker Drug Co., and directions were given in said decree that the creditors of said Parker Drug Company be notified of such reference, in order that they might file their claims against said company. Among the claims thus filed was that of the complainant. The register in making his report allowed the claim of the complainant, Moore, but declined to give it priority, as was claimed by said complainant. The complainant filed an exception to the report of the register, upon the ground that being the owner of the note which reserved a lien upon the stock of goods sold to the Parker Drug Company, and having filed his bill prior to any other suit filed against said company, his claim was entitled to priority.

The cause being submitted on the report of the register, the chancellor overruled the exceptions to said report and duly confirmed the same. From this decree the complainant appeals, and assigns the rendition thereof as error.

J. BLOCKER THORNTON and PETER J. HAMILTON, for appellant, cited *Lucas et al. v. Atwood et al.*, 2 Stewart (Ala.), 378; *McDermutt v. Strong*, 4 Johnson Chancery 687; *Eaton v. Patterson et al.*, 2 Stewart and Porter, 9; *Dargan v. Waring et al.*, 11 Ala. 988; *Pool et al. v. Ragland*, 57 Ala. 414; *Evans v. Welsh*, 63 Ala. 250; *Weis v. Goetter, Weil & Co.*, 72 Ala. 259; *Kelly v. Turner*, 74 Ala. 513; *Matthews v. Mobile Mutual Ins. Company*, 75 Ala. 85; *Jones v. Massey*, 79 Ala. 370; 5 Ency. Pleading and Practice, p 411, and citations thereunder.

BESTOR, GRAY & BESTOR, *contra*, cited *McDermott v. Eborn*, 90 Ala. 258; *Owens v. Hobbie*, 82 Ala. 466; *Benedict v. Renfro*, 75 Ala. 121; *Anniston L. & T. Co. v. Ward*, 108 Ala. 85.

SHARPE, J.—No defense was made to the bill in this case, the same having been taken as confessed, and the only question presented for review is whether in the distribution of the assets of the defendant Parker Drug Co., the appellant as a creditor is entitled to be preferred over other creditors participating in that distribution. Appellant's claim to such preference is based on two theories, viz., that he had a lien by virtue of the contract whereby the debt was created, and also that he obtained a lien or superior right by the mere filing of the bill.

According to the bill's averments the contract depended on as creating a lien was for the sale to the Drug Company of a stock of merchandise and of certain furniture and fixtures for which that company paid in part, and for the remainder of the purchase price, gave appellant the two notes which evidence the debt. Each note recites "this note is secured by a first lien on the drugs, furniture, and fixtures recently bought of" appellant. That transaction was had and possession of the property was given the Drug Company about a year before this suit was commenced. In addition to these facts the bill alleges "said defendant Parker Drug Co. carried on business in the usual course for a while, but is now in failing circumstances. Substantially all the furniture and fix-

tures and much of the stock remain in the store. But he [appellant] shows that said defendant company and its president and secretary, R. B. Dawes, are removing and wasting said stock, and little will be left to satisfy orator's claim and lien unless immediate steps are taken to conserve the property by appointing a receiver and enjoining further waste and removal by defendants." Added by amendment to the bill is the following paragraph: "That the actions of the defendants above described are in fraud of all creditors of said Parker Drug Company, and tend to hinder and delay said creditors, as well as orator, and orator, therefore, files this bill on his own behalf and also on behalf of all creditors of said defendant Parker Drug Company who may come in and contribute to the expenses of this suit." The prayer is for injunction and "that a receiver be appointed to take charge of said property, manage and sell the same under the orders of this court for enforcement of said lien, and for the protection of orator and all others properly entitled thereto," and for general relief.

From its contents, the substance of which is set forth above, it is clear the bill is not framed for the special purpose of enforcing the lien stipulated for in appellant's notes. That lien extended to no property except that sold by him and is not alleged to have extended to any other, though the bill seeks to subject the entire property owned by the Drug Company at the commencement of the suit without averring, by any description which would serve for identification, what parts of it was composed of the drugs, furniture and fixtures referred to in the notes, and without praying or showing any necessity for a discovery of that part. Furthermore, if the enforcement of that lien had been the main purpose of the bill, there would have been no propriety in bringing it in behalf of creditors generally, for that course is appropriate only to bring in persons who are in a like situation with the party filing the bill.—Story's Eq. Pl., § 101. The suit seems to have been treated by the parties and the trial court as one to preserve and to apply to its debts, the general property of the failing corporation and in no other aspect does it here appear. The

[Moore v. Parker Drug Co. *et al.*]

effectuation of such purpose may not have been inconsistent with a right in complainant to a preferred claim on the undisposed of property sold by him and subject to the lien stipulated for in his notes, but to have entitled himself to relief to that extent the necessity was devolved on him to procure such orders and proceedings as would have ascertained and kept separate the encumbered property and its proceeds so as to render practicable the rendition of a decree for his preference in the particular fund arising from that property. This was not done. A right of priority as to an undefined part does not give such right in the whole fund.—*George v. St. Louis Cable Co..* 44 Fed. Rep. 117.

There are cases involving the subjection to debt of property fraudulently conveyed, and the like subjection of equitable assets, and probably other cases, wherein the party whose suit is prior in time is by reason of his superior diligence accorded a prior right for the satisfaction of his debt out of the property proceeded against, but where as here the suit is in the nature of a creditor's suit for the administration of assets owned by and remaining with an insolvent corporation and is brought in behalf of creditors generally who may choose to be availed of the suit, the doctrine last referred to is without application as against creditors who come into the case in response to invitation extended by the bill whether they be formally made parties or not.—*Younger v. Massey,* 19 S. E. Rep. (S. C.), 125; *Jones v. Lansing,* 7 Paige, 583; *Johnson v. Walters,* 111 U. S. 640; *Hammond v. Hudson Riv. I. & M. Co.,* 20 Barb. 378; *Fink v. Patterson,* 21 Fed. Rep. 602; *Finney v. Bennett,* 27 Grat. 365; *George v. St. Louis Cable Co., supra.*

Decree affirmed.