### JACKSON v. STATE.   (6 Div. 815.)

(Court of Appeals of Alabama.   March 16, 1926.)

**1. Criminal law ⬅302(2).**

*Solicitor, with consent of court, could enter nolle prosequi as to one or more counts of indictment.*

**2. Indictment and information ⬅159(1)—Order permitting amendment to indictment without accused's consent, by striking count, held not error, as it in effect was nolle prosequi of such count.**

Order permitting amendment to indictment without accused's consent, by striking count, *held* not error, as it in effect was nolle prosequi

of count in question; erroneous designation not making it reversible.

Appeal from Circuit Court, Winston County; Ernest Lacy, Judge.

Tom Jackson was convicted of an assault, and he appeals. Reversed and remanded.

Curtis, Pennington & Pou, of Jasper, and Chester Tubb, of Haleyville, for appellant.

An indictment may not be amended over defendant's objection. Const. 1901, § 8; Code 1923, § 4524; Gregory v. State, 46 Ala. 151; Ex parte Shoults, 94 So. 777, 208 Ala. 598; Dix v. State, 62 So. 1007, 8 Ala. App. 338; Ex parte Bain, 7 S. Ct. 781, 121 U. S. 1, 30 L. Ed. 849. The evidence was not sufficient to sustain a conviction. Taylor v. State, 101 So. 160, 20 Ala. App. 161; Sparkman v. State, 92 So. 812, 84 Fla. 151; Laxson v. State, ante, p. 19, 104 So. 872; Dannelly v. State, 87 So. 44, 80 Fla. 773.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The striking of count 2 was not such an amendment as entitled defendant to an exception. Barnett v. State, 54 Ala. 579; Norman v. State, 69 So. 362, 13 Ala. App. 337; Pynes v. State, 92 So. 663, 207 Ala. 395. The evidence, if believed by the jury, was sufficient upon which to base a verdict of guilty.

BRICKEN, P. J. The indictment contained three counts, and, because of apparent misjoinder, the following occurred as shown by the judgment entry:

"The solicitor moved the court to amend the indictment in this cause by striking therefrom count 2 thereof. The defendant thereupon objected to said amendment by striking count 2, and, the said objections being considered by the court, it is the order and judgment of the court that the objections to said amendment be overruled, and it is the further order and judgment of the court that the said indictment be, and the same is hereby, amended by striking count 2 thereof therefrom."

[1, 2] Counsel for appellant devote several pages of their able brief, in the insistence that the above ruling constituted reversible error; their contention being:

"An indictment against defendant's objection cannot be amended, * * * and for the court to allow such amendment is reversible error."

Ordinarily, this insistence would be sustained, for the statute provides that an indictment may be amended only upon consent of the defendant entered of record, and in instances where the name of the defendant is incorrectly stated, or when any person, property, or matter therein stated is incorrectly described. But here the amendment complained of amounted to nothing more than a nol. pros. of the count in question. The

───

mere fact that the solicitor and the court erroneously designated the order complained of as an "amendment" in no manner changed its purport, which was, as stated, a nol. pros. of the second count, and it was competent for the solicitor, with the consent of the court, to enter a nolle prosequi as to one or more counts. The ruling made in this connection accomplished the same result, and will be treated as a nol. pros., and not as an inhibited amendment, we therefore conclude there was no error in this ruling. Salm v. State, 8 So. 66, 89 Ala. 56; Williams v. State, 30 So. 336, 130 Ala. 31; Oakley v. State, 33 So. 693, 135 Ala. 291.

Appellant was convicted of an assault with intent to ravish as charged in the first count of the indictment. The evidence in this case, as shown by the bill of exceptions contained in the transcript, has been read and carefully considered by the whole court sitting en banc. The opinion and judgment of the court is that the evidence adduced upon this trial against appellant, so far as the felony charge contained in the first count of the indictment, and upon which he was convicted, falls far short of the required rule, and that the state, as a matter of law, failed to meet the necessary burden of proof to overcome the presumption of innocence which attended the accused and to sustain the conviction of appellant for the offense (felony) charged in said first count of the indictment. Taylor v. State, 101 So. 160, 20 Ala. App. 161; Dannelly v. State, 87 So. 44, 80 Fla. 773.

Reciting the evidence will serve no useful purpose. Under the authority of the Taylor Case, supra, we hold that the refusal to give charge 4, requested by defendant in writing, was error; therefore the judgment of conviction appealed from is reversed, and the cause remanded.

Reversed and remanded.