(137 So. 43)

## SIMMONS v. STATE.
### 4 Div. 749.

Court of Appeals of Alabama.
May 19, 1931.

Rehearing Denied June 30, 1931.

M. A. Owen, of Elba, and M. S. Carmichael, of Montgomery, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of assault and battery, and his punishment fixed at the assessment of a fine of $100.

■■ The original indictment, under which he was tried, consisted of three counts, one of same charging him with the commission of a capital offense. But, before entering upon the trial, the solicitor, with the consent of the court, entered a nolle prosequi as to this count. This action was permissible. Jackson v. State, 21 Ala. App. 284, 107 So. 725; Williams v. State, 130 Ala. 31, 30 So. 336; Salm v. State, 89 Ala. 56, 8 So. 66.

The counts left in the indictment charged, separately, offenses of the same general nature, belonging to the same family of crimes, and of which the mode of trial and nature of the punishment were the same. The demurrers to the indictment, resting largely upon the grounds of a misjoinder of offenses, etc., were properly overruled. Thomas v. State, 111 Ala. 51, 20 So. 617; Lewis v. State, 4 Ala.

App. 141, 58 So. 802; Lucas v. State, 144 Ala. 63, 39 So. 821, 3 L. R. A. (N. S.) 412.

■ The verdict of the jury finding appellant guilty of only assault and battery, no harm was worked to him by the refusal to allow a special venire, even though it be conceded that the second count of the indictment charged an offense which might have been punished capitally. Code 1923, § 5410; Brewington v. State, 19 Ala. App. 409, 97 So. 763.

The exceptions reserved on the taking of testimony have each been examined. They involve rulings of no material importance and which do not appear to be erroneous. No reversal will be predicated on any of same.

■ The portion of the argument of the solicitor, objected to, amounted to nothing prejudicial to appellant.

We find nowhere prejudicial error, and the judgment of conviction is affirmed.

Affirmed.