In the Matter of the Claim of JEROME NAYOR, Respondent, against HARWICK TRUCKING CORPORATION, Employer, and STATE INSURANCE FUND, Appellant. STATE INDUSTRIAL BOARD, Respondent.— The award in the instant case was made by the State Industrial Board upon the alleged ground that the claimant's disability resulted in occupational disease. The employer was engaged in the trucking business. The claimant was employed as a truck driver. On November 29, 1937, while engaged in the regular course of his employment and while working for his employer driving an open coal truck and while unloading coal, he had trouble with the dividing boards in the truck and as he tried to remove them he slipped and struck his right jaw, shoulder and arm. Shortly after that he was driving the truck, an open truck, and extremely cold and windy, he felt a sudden peculiar sensation in the right side of the face, and the right eye started to tear and he felt his face drawn over to one side. He had a paralysis of the nerve of the face known as Bell's palsy. The paralysis was due both to the trauma and getting the severe cold draft, just enough to give him the condition he had. The trauma and his subsequent exposure brought on the occupational disease for which the award is made. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Crapser, Heffernan and Schenck, JJ., concur; Bliss, J., dissents, upon the ground that there is no evidence in the record to sustain the finding of an occupational disease.

In the Matter of the Claim of Mrs. GRANT VAN BUREN, Respondent, against TOWN OF RICHMONDVILLE, Employer, and STATE INSURANCE FUND, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of death benefits in favor of the widow of the deceased employee made by the State Industrial Board pursuant to the provisions of the Workmen's Compensation Law. Decedent was the town superintendent of highways of the employer-town and was killed while in the performance of his duties. The award is contested on the ground that he held an elective office and was an independent public officer and that, therefore, the Workmen's Compensation Law did not apply to him. Award unanimously affirmed, with one bill of costs to the claimant and the State Industrial Board, to be divided between them equally, and disbursements, on the authority of section 54, subdivision 6, Workmen's Compensation Law, and *Matter of Dann* v. *Town of Veteran* (254 App. Div. 462; affd., 278 N. Y. 461). Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.