86 So.2d 283

Drayton N. HAMILTON, as Guardian,

v.

Irene Williams SMITH, Ex'x.

3 Div. 739.

Supreme Court of Alabama.

March 22, 1956.

200

Jones, Murray & Stewart, Montgomery, for appellee.

Drayton N. Hamilton, Montgomery, for appellant.

**MERRILL, Justice.**

This is an appeal by the Guardian ad litem from a decree of the Circuit Court of Montgomery County, In Equity, denying the ward of appellant the right to share in the estate of her adoptive parent, who had executed a will prior to the adoption.

In 1953, Lillian Stone made a will leaving all her property to her adult daughter, Irene Smith. In 1954 Mrs. Stone adopted Catherine Stone, the minor represented by a guardian ad litem in this proceeding. In 1955 Mrs. Stone died, but prior thereto she had been divorced from her husband, Stone, and had resumed her former name, Lillian S. Williams. Her will was duly probated

and the administration of the estate was transferred to the Circuit Court, in Equity.

 The single question for our decision, and it is one of first impression here, is—does an adopted child become a pretermitted heir upon the death of his adoptive parent if his adoption was made final after the execution of the will of his adoptive parent and in the absence, in such will, of the contingency of after-born children. There is an annotation on this subject in 24 A.L.R.2d 1085.

"A will, unless it contravenes some provision of positive law, or some principle of public policy, is the law of the succession." Russell v. Russell, 84 Ala. 48, 3 So. 900, 901; Pearce v. Pearce, 199 Ala. 491, 74 So. 952; Garrett v. Snowden, 226 Ala. 30, 145 So. 493, 87 A.L.R. 216.

It is obvious that the adult daughter, Irene Smith, takes the entire estate of Lillian Stone, deceased, under the will, unless there is some "provision of positive law" which directs otherwise; and it is equally obvious that the adopted child would have shared in the estate of the decedent under our law of descent and distribution had there been no will. Franklin v. White, 263 Ala. 223, 82 So.2d 247.

Appellant contends that Title 61, Sec. 10, Code of 1940, should be construed so as to protect the adopted child. The Code provision reads:

"Whenever a testator has a child, born after the making of his will, either in his lifetime or after his death, and no provision is made in the will in any way for such contingency, such birth operates as a revocation of the will, so far as to allow such child to take the same share of the estate of the testator as if he had died intestate."

A mere reading of this statute containing the words "born" and "birth" is indicative that it is intended to apply only to a natural child or children. This statute has been a part of our law from the time that Alabama was a part of the Mississippi territory, Toomer v. Van Antwerp Realty Corp., 238 Ala. 87, 189 So. 549, 123 A.L.R. 1063, and at the time this pretermission statute became a part of our law, the right of adoption, as we know it today, did not exist under our statutes, and the Legislature could not have intended the word "child" to include adopted children. Any effort on our part to construe the statute to include adopted children would be legislation by judicial decree. There are occasions when courts must correct or ignore or supply obvious inadvertences in order to give a law the effect which was plainly intended by the legislature, but we do not subscribe to the doctrine that the judiciary can or should usurp the legislative function in a republican form of government. We must therefore leave the amendment of the statute to the legislature.[1]

The position of the appellants is not aided when the adoption statute is considered. The applicable part of Title 27, Sec. 5, Code of 1940 defining the status of an adopted child, says: "* * * and the child shall be invested with every legal right, privilege, obligation, and relation in respect to education, maintenance and *the rights of inheritance to real estate,* or to the distribution of personal estate on the death of such adopting parent or parents as if born to them in lawful wedlock." (Emphasis supplied.) The present adoption statute is different from that in effect in 1885, but remains substantially the same insofar as "the right of inheritance" is concerned. This Court, in the case of Russell v. Russell, 84 Ala. 48, 3 So. 900, in holding that Cyrus George Russell took nothing under the will of his adoptive father, Thomas S. Russell, who had executed his will prior to the adoption of Cyrus George Russell, the will providing " 'I give to my children two-thirds of all my personal and real estate'," said:

"Without the statute, Cyrus George Russell can claim nothing under the

---

1. The statute has been amended as a result of this decision. Act No. 112, approved April 14, 1956, 2d Sp.Sess.1956.

will. Though, by adoption, he is treated 'as a child,' he is not the child of the testator, and it is manifest he was not in contemplation when the testator made his will. Com. v. Nancrede, 32 Pa. 389; Schafer v. Eneu, 54 Pa. 304; Thompson v. McDonald, 2 Dev. & B. Eq., N.C., 463. The statute enables him to inherit from him by whom he was adopted, because the statute says so; not because he is the child of the decedent. He is not Mrs. Russell's child, even by adoption. He has no right of inheritance from her. He is not the brother of Thomas E. Russell, and, if the latter were to die intestate, he would not inherit from him. All the rights he has are given him by the statute, and that confers nothing but a mere right of inheritance,—to share the estate of Thomas S. Russell left undisposed of by will."

As Chief Justice Stone said in the Russell case, supra, "the conclusion we have reached probably presents a great hardship" and we would prefer that the pretermission statute provided for adopted as well as natural children, but the statute is clear and unambiguous and as already stated, we do not care to embark on a venture of judicial legislation.

Appellant filed a petition in this cause requesting that this court allow a reasonable fee for his services rendered as guardian ad litem on this appeal. Although unsuccessful in this court, appellant was justified in bringing the question to this court for a decision because it was one of first impression in this state and there was no decisive precedent to follow. A fee of $250.00 is allowed, to be taxed as was the earlier fee in the court below in this cause.

The decree of the lower court is correct and should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.