The City of Montgomery and Jack W. Chambliss brought this action seeking a declaratory judgment to determine the obligations of Northland Insurance Companies and Northfield Insurance Company under a policy of insurance issued to the City of Montgomery. From the judgment declaring that the City of Montgomery and Chambliss were entitled to coverage, and are to be afforded a defense, Northland takes this appeal. We affirm.
The following is a paraphrase of the stipulated statement of facts made by the parties to this action before the trial of same:
On 15 November 1979, Motell Taylor allegedly suffered injuries and damages arising from an automobile accident which occurred at an intersection in Montgomery; Taylor filed his suit for damages on 14 May 1980 against numerous defendants, including the City of Montgomery. The claim against the City of Montgomery was based upon an alleged malfunction of a traffic control signal light at the intersection where the accident occurred. Taylor amended the complaint on 11 November 1980 to include a claim against Chambliss, the city traffic engineer for Montgomery. The City of Montgomery made demand upon Northland to provide the City and its employee Chambliss with a defense, and with indemnity to the extent of policy limits, in the action filed by Taylor. Northland denied coverage under the policy, whereupon the City of Montgomery filed its action seeking a declaratory judgment to determine the liabilities and rights of the parties under the insurance contract between Northland and the City of Montgomery. Subsequently, Chambliss filed a separate action on his own behalf, seeking the same judicial determination. On 19 June 1981, the two claims were consolidated by order of the trial court and thereby became the action in which we now review the judgment entered below.
The trial court allowed the stipulation of facts to be amended, over Northland's objection, to include the following section of the Municipal Code of the City of Montgomery:
 "The City of Montgomery shall . . . designate . . . appointive officers including city clerk, chief of police, fire chief, superintendent of waterworks, city comptroller, city engineer, superintendent of sanitation, city traffic engineer. . . ."
The trial court took the case under submission and on 18 September 1981 entered a judgment compelling Northland to defend both the City of Montgomery and Chambliss and to indemnify them up to the policy limits, should judgment be rendered against them in Taylor's case. Northland appeals from that judgment.
Northland contends the trial court erred when it ruled that the negligent maintenance of a traffic signal and power switch and negligent obstruction of vision are within the scope of coverage provided by *Page 883 
Northland to the City of Montgomery and its employees. Northland supported this argument by claiming the insurance policy dealt only with the "existence" of roads and streets as opposed to the "use" of them.
The record shows the insuring clause to read as follows:
 "Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
A. bodily injury or
B. property damage
 to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto. . . ."
Premises and operations are defined under the "Coverage Part" as:
 "Streets, Roads, or Highways . . . with or without sidewalks including bridges and culverts but excluding toll bridges and draw bridges — existence only."
In reading these provisions it is apparent that the insurance policy is ambiguous as to the extent of coverage. The term "existence," used in context with streets and highways, has been interpreted different ways in foreign jurisdictions. SeeDora Township v. Indiana Insurance Company, 78 Ill.2d 376, 36 Ill.Dec. 341, 400 N.E.2d 921 (1980); American EmployersInsurance Company v. Board of County Commissioners of theCounty of Adams, State of Colorado, 547 F.2d 511 (10th Cir. 1976). Examination of these interpretations of the term "existence" shows that such usage is ambiguous. Courts construe insurance contracts in a manner to give effect to the intent of the parties. However, when there is ambiguity the courts will resolve that ambiguity favorably to the insured. EmployeesInsurance Company of America v. Jeff Gin Company, 378 So.2d 693
(Ala. 1979). Therefore, other pertinent sections of the contract must be examined in order to determine coverage of the insurance contract to be interpreted in this case.
The City of Montgomery and Chambliss contend they relied upon the insuring clause that provided coverage for "bodily injury . . . arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto."
Traffic control lights are as much a part of streets and highways as are stop signs, speed breakers and dividing lines; all are used as means of traffic control. There would be chaos in the traffic on streets and highways without the aid of these items. Traffic control devices must be considered as integral parts of the "operations necessary and incidental thereto" of the streets and highways in Alabama. The trial court correctly construed ownership, maintenance or use of insured premises and all operations necessary or incidental thereto, to include traffic control signal lights.
The general liability policy issued by Northland to the City of Montgomery was a standard form of policy obviously written contemplating a primary application to a private business rather than a municipal corporation. The policy contained the following coverage:
"II. PERSONS INSURED
 "Each of the following is an insured under this insurance contract to the extent set forth below:
. . . .
 "(c) If the named insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated as any executive officer, director or stockholder thereof, while acting within the scope of his duties as such;"
It is plain that municipal corporations do not generally have executive officers, directors and stockholders. The quoted phrase is patently ambiguous, requiring this court to consider other evidence in order to determine the correct applications of coverage under this policy.
The title "executive officer" has been extended to include many municipal functions in Alabama and foreign jurisdictions. They *Page 884 
include: a superintendent of highways, Van Buren v. Town ofRichmondville, 257 A.D. 1089, 14 N.Y.S.2d 697 (1939); a building supervisor, Pullen v. Cincinnati Insurance Co., Inc.,400 So.2d 393 (Ala. 1981); and department heads, Holm v. MutualService Casualty Ins. Co., 261 N.W.2d 598 (Minn. 1977).
The code of the City of Montgomery specifically lists the city traffic engineer as an appointive officer of the city. It appears that by virtue of his title, duties and responsibilities, the city traffic engineer operates in the same manner as "any executive officer." Language used in insurance policies is framed by the insurer and the courts are to construe such language favorably to the insured. UnitedStates Fire Insurance Co. v. McCormick, 286 Ala. 531,243 So.2d 367 (1970).
Northland further contends the trial court erred by allowing the stipulation of facts to be amended to include applicable sections of the Municipal Code of the City of Montgomery, Alabama, 1964, over the objection of Northland. After Northland complained about the amendment, Chambliss requested that the trial court take judicial notice of the city code instead of amending the stipulation of facts; the trial court then did so, as is shown in the record.
Northland suffered no prejudice to its cause from this action of the trial court even if it is assumed to be error. While the trial court was incorrect in amending the stipulation of facts without the consent of Northland, the harmless error rule applies. The trial court can take judicial notice of a municipal ordinance under authority of § 12-21-95, Code 1975.
For the reasons assigned, the judgment below is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.