Doris Nerud was convicted of driving under the influence of alcohol and ordered to pay a $400.00 fine and court costs. On appeal, she argues that the circuit court complaint was improperly amended and that the city failed to prove a prima facie case in that the ordinance under which she was convicted was never properly published as required by Alabama Code 1975, Section 11-45-8. We disagree with both contentions and affirm her conviction.
 I
The original UTTC charged Nerud with violating Alabama Code 1975, Section 32-5A-191(a)(1) and (2), as amended. Immediately prior to trial in circuit court, the city dismissed the charge under subsection (a)(1) and tried her only on §32-5A-191(a)(2). Nerud argues that this was an improper amendment of the complaint in violation of Rule 15.5, Alabama Rules of Criminal Procedure (Temporary) because it was without her consent. She claims that, since the charge in the UTTC was stated conjunctively, the city did not have the option to elect which charge to try her on in circuit court. Subsections (1) and (2) of § 32-5A-191(a) state separate and distinct offenses.Sisson v. State [Ms. 6 Div. 161, June 9, 1987] (Ala.Cr.App. 1987); Collier v. State [Ms. 1 Div. 427, November 10, 1987] (Ala.Cr.App. 1987). Thus, the original UTTC charged Nerud with two separate offenses, one of which the city dropped the day of trial. No new charges were added nor was the charge under subsection (a)(2) stated differently.
Withdrawing a part of a charge from an indictment does not constitute an amendment thereof, provided nothing is added to the indictment. Salinger v. United States, 272 U.S. 542,548-549, 47 S.Ct. 173, 71 L.Ed. 398 (1926); Overstreet v.United States, 321 F.2d 459, 461 (5th Cir. 1963), cert. denied,376 U.S. 919, 84 S.Ct. 675, 11 L.Ed.2d 614 (1964); UnitedStates v. Lubomski, 277 F. Supp. 713 (N.D.Ill. 1967). SeeJackson v. State, 21 Ala. App. 284, 107 So. 725 (1926) (amendment complained of amounted to nothing more than a nol pros of count in question; order striking count erroneously designated as an "amendment"). The charge in circuit court was *Page 654 
not a different offense than that charged in the UTTC (absent subsection (1)), Sisson, supra; Collier, supra, and no new and separate offense is included in the "amended" complaint. Echolsv. State, 16 Ala. App. 138, 75 So. 814 (1917). The trial judge's ruling accomplished the same result as a nol pros, and treating it as such, we find no error in the ruling. Murphy v. State,399 So.2d 340 (Ala.Cr.App. 1981), cert. denied, 399 So.2d 347
(Ala. 1981).
 II
Nerud alleges that the city failed to prove a prima facie case.
"[I]t is well established that in a criminal prosecution for violation of a city ordinance the city must plead and prove the ordinance." Ex parte Maxwell, 439 So.2d 715, 716 (Ala. 1983). A copy of a municipal ordinance is authenticated by proving that it came from an official authorized publication of the city code. § 12-21-95; § 12-21-73(5); C. Gamble, McElroy's AlabamaEvidence, § 322.02(3) (3d ed. 1977). "The trial court can take judicial notice of a municipal ordinance under authority of §12-21-95, Code 1975." Northland Insurance Companies v. City ofMontgomery, 418 So.2d 881, 884 (Ala. 1982).
Although the record is not as clear as desired, it appears that the Mountain Brook code was available to the trial judge:
 "[PROSECUTOR]: [Exhibit # 1] comes from the Code of the City of Mountain Brook which has been adopted and is published by the city and there's where we adopted the code originally . . . ."
* * * * * *
 "[DEFENSE COUNSEL]: First of all, the code, as we have it here, . . ." (Emphasis added.)
The trial judge found that "publication and proof of existence properly passed has been shown," and allowed the ordinance into evidence. We find no error. Northland, supra. See also Patton v. City of Decatur, 337 So.2d 173, 175
(Ala.Cr.App. 1975), reversed on other grounds, 337 So.2d 321
(Ala. 1976) ("the City . . . asked leave of the court to withdraw the code and substitute a copy in evidence of the particular section"); Holden v. City of Huntsville,407 So.2d 179, 181 (Ala.Cr.App.), affirmed, Ex parte Holden,407 So.2d 182 (Ala. 1981) ("a copy of the page of the Code that displayed [the section] was introduced by the prosecutor as a substitute for introducing the entire code (which was also displayed to the trial court)").
Other issues raised on appeal have not been preserved for review by proper objection in the trial court. The assignment of a specific ground of objection constitutes a waiver of all other grounds. Carter v. State, 205 Ala. 460, 462, 88 So. 571
(1921). "It is axiomatic, however, that a party seeking reversal on appeal must not only argue a valid ground of reversible error committed below, but must also have preserved that error for review by proper procedural mechanisms." Exparte O'Leary, 417 So.2d 232, 240 (Ala. 1982), cert. denied,O'Leary v. Alabama, 463 U.S. 1206, 103 S.Ct. 3536,77 L.Ed.2d 1387 (1983).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.