TAYLOR, Judge.
The appellant, Tony Ray Staehly, was convicted of driving under the influence of alcohol, a violation of municipal ordinance number 49 of the City of Cedar Bluff. He was sentenced to a 6-month jail term, which sentence was split, with the appellant to serve 8 days in jail and 12 months on probation. He also was ordered to pay a $500 fine and court costs.
At the close of the prosecution’s evidence, the appellant moved for a judgment of acquittal based on the City’s failure to prove a prima facie case. The appellant argued that the motion was due to be granted because, he said, the City failed to introduce into evidence a certified copy of ordinance number 49. The trial court took judicial notice of the ordinance and denied the motion.
The appellant appeals directly from the Cherokee District Court, as authorized by Rule 30.2, A.R.Crim.P., and contends that a district court, trying a case involving the alleged violation of a municipal ordinance, may not take judicial notice of the municipal ordinance. The district court has certified the following question of law as the sole issue in this case:
“Does the municipal ordinance have to be pled and proved at trial in the district court when the municipality has abolished its municipal court, or can the District Court take judicial knowledge of the ordinance at trial?”
The record indicates that the City of Cedar Bluff has abolished its municipal court, in accordance with § 12-14-17, Code of Alabama 1975. See also, Ala. Const. 1901, Amendment No. 328, § 6.065. Therefore, all violations of Cedar Bluff municipal ordinances are within the jurisdiction of the Cherokee District Court and are heard by that court.
The appellant has cited numerous cases for the proposition that in a prosecution for an alleged violation of a municipal ordinance, the city is required to plead and to prove the ordinance and that the city’s failure to do so is fatal to the prosecution based on such ordinance. See, e.g., Ex parte Woodson, 578 So.2d 1049 (Ala.1991); Hanson v. City of Trussville, 539 So.2d 1082 (Ala.Cr.App.1988); Baird v. Town of Ashville, 492 So.2d 1029 (Ala.Cr.App.1986); Jones v. Town of Courtland, 452 So.2d 1380 (Ala.Cr.App.1984).
The state contends that the district court, by virtue of § 12-14-17, Code of Alabama 1975, was acting in the capacity of a municipal court and that, therefore, it could take judicial notice of municipal ordinance number 49.
*943 Judge Bowen, speaking for this court in Maxwell v. City of Mobile, 439 So.2d 714 (Ala.Cr.App.), rev’d on other grounds, 439 So.2d 715 (Ala.1983), stated:
“Although Alabama Code Section 12-14-7 (1975) provides that ‘a municipal court shall take judicial notice of the ordinances of the municipality in which it sits,’ there is no comparable provision for the circuit or appellate court. Judicial notice will not be taken of the ordinances of a city unless authorized by statute. State v. Friedkin, 244 Ala. 494, 497, 14 So.2d 363 (1943); Case v. Mayor of Mobile, 30 Ala. 538, 539 (1857). This rule is a ‘rule of evidence’ and not of substantive law. King v. City of Montgomery, 42 Ala.App. 462, 168 So.2d 30 (1964); Shapiro [v. City of Birmingham], 30 Ala.App. [563,] 566, 10 So.2d [38,] 38 [1942].”
439 So.2d at 715.
Maxwell holds that neither a circuit nor an appellate court may take judicial notice of a municipal ordinance. Further, Maxwell states that “[¡judicial notice will not be taken of the ordinances of a city unless authorized by statute,” and cites State v. Friedkin, 244 Ala. 494, 14 So.2d 363 (1943), and Case v. Mayor of Mobile, 30 Ala. 538 (1857), as authority for that proposition. We also are aware that § 12-14-7, Code of Alabama 1975, requires a municipal court to take judicial notice of the ordinances in the municipality in which it sits. However, none of these authorities addresses the issue of whether a district court, sitting in the place of an abolished municipal court, may do so.
Within this framework, we do find statutory authority for the district court to take judicial notice of a municipal ordinance in § 12-21-95, Code of Alabama 1975. That section states:
“Ordinances, bylaws and resolutions purporting to be published by authority of the council or other governing body in book or pamphlet form and any written or printed book, code or revision of the bylaws, resolutions or ordinances of any municipal corporation of this state purporting, on the face of the book or pamphlet, to be written or printed by authority or to be a code of ordinances, resolutions or bylaws of such municipal corporation or certified on such book or pamphlet under the hand of the clerk or recording officer of such corporation as being an official publication of ordinances, resolution or bylaws of such municipal corporation and any such book or pamphlet certified by such official as correct shall be prima facie evidence of the due adoption, publication and continued existence of the bylaws, resolution or ordinances therein written or printed or certified as correct, as of the dates mentioned or provided for therein, in any of the courts or in any legal proceedings in this state without further proof.”
The Alabama Supreme Court, in Northland Ins. Companies v. City of Montgomery, 418 So.2d 881, 884 (Ala.1982), held that “[t]he trial court can take judicial notice of a municipal ordinance under authority of § 12-21-95, Code 1975.” See also Nerud v. City of Mountain Brook, 517 So.2d 652, 654 (Ala.Cr.App.1987).
Given the Alabama • Supreme Court’s interpretation of § 12-21-95, Code of Alabama 1975, in Northland, we hold that, under the limited circumstances of this case, where the district court is sitting in the place of an abolished municipal court, the district court is authorized to take judicial notice of the municipal ordinances of the municipality.
We are of the opinion that because the Cherokee District Court now sits in place of the abolished Municipal Court of the City of Cedar Bluff and has jurisdiction over any municipal ordinance violations, it logically follows that the district court may take judicial notice of the existence of any municipal ordinance of the City of Cedar Bluff.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.