On October 23, 1994, the appellant, Myland George Daugherty, was charged with driving under the influence ("DUI") and with reckless driving of an automobile upon the public highways. He was sentenced to 48 hours' imprisonment (which sentence was suspended), was placed on 12 months' probation, was ordered to attend a DUI-approved court referral program, and was fined $250 and court costs.
The appellant raises two issues. First, the appellant contests the sufficiency of proof in this case, in that he was charged with violating a municipal ordinance of the Town of Silverhill that was not introduced as evidence at trial. Second, the appellant asserts that the statute under which he was arrested for DUI, § 32-5A-191, Ala. Code 1975, was repealed by the enactment of Act No. 94-652, *Page 814 
Ala. Act 1994, and he thus contests the court's jurisdiction.
 I
The first issue raised by the appellant is whether the prosecution presented sufficient evidence to sustain a conviction. The appellant contends that the State's attorney failed to make a prima facie case because, he says, the State did not prove the existence of municipal ordinance 282 of the Town of Silverhill, the ordinance he was accused of violating. However, the trial judge took judicial notice of ordinance 282. In his brief to this court, the appellant argued that the trial court could not take judicial notice of an ordinance that was not pleaded and proved at trial, citing Truman v. City ofEnterprise, 606 So.2d 1151 (Ala.Crim.App. 1992). The appellant is mistaken.
The Alabama Supreme Court, in Northland Ins. Cos. v. City ofMontgomery, 418 So.2d 881 (Ala. 1982), held that a trial court can take judicial notice of a municipal ordinance under the authority of § 12-21-95 Ala. Code 1975. Section 12-21-95, provides, in pertinent part:
 "Ordinances . . . purporting to be published by authority of the council or other governing body in book or pamphlet form and any written or printed book, code or revision of the . . . ordinances of any municipal corporation of this state purporting . . . to be a code of ordinances . . . of such municipal corporation . . . shall be prima facie evidence of the due adoption, publication and continued existence of the . . . ordinances therein . . . as of the dates mentioned or provided for therein, in any of the courts or in any legal proceedings in this state without further proof."
(Emphasis added.) In compliance with Northland Ins. Cos., this court in Staehly v. City of Cedar Bluff, 619 So.2d 942
(Ala.Crim.App. 1993), held that a district court has the statutory authority to take judicial notice of a municipal ordinance. InStaehly, the court limited its decision to the facts presented in that case, but those facts closely parallel those in the present case. Essentially, we held that the district court inStaehly had the authority to take judicial notice of a municipal ordinance where the municipal court no longer existed; the municipal court at issue in that case had been abolished. In the present case, there is no municipal court. Reading Staehly in conjunction with § 12-14-7, Ala. Code 1975, which specifically allows for judicial notice of municipal ordinances by municipal court, we conclude that logic dictates that where there is no municipal court, the corresponding trial court, which in this case is the Baldwin County District Court, must have the same authority as the municipal court would have. Therefore, the Baldwin County District Court has the authority to take judicial notice of municipal ordinance 282.
Given both the Alabama Supreme Court's interpretation of § 12-21-95 in Northland Ins. Cos. and our decision in Staehly, we hold that, under the circumstances of this case, where the district court is acting in lieu of a municipal court in a jurisdiction without a municipal court, the district court is authorized to take judicial notice of the municipal ordinances of the municipality.
 II
The more significant issue is whether, as the appellant contends, by enacting Act No. 94-652, Ala. Acts 1994, the Alabama Boating Safety Reform Act of 1994 ("the Act"), which amends the existing vehicular DUI law, § 32-5A-191, to include the offense of driving a vessel while under the influence along with vehicular DUI, the legislature effectively removed the offense of driving a vehicle under the influence on the public highways of the state. If the appellant's argument were correct, it would now be illegal to drive an automobile "on thewaters of the state" while under the influence of alcohol or a controlled substance.
Although the legislature included a clause in Section 36 of the Act, repealing all conflicting laws, this clause was not intended to refer to the repeal of the existing § 32-5A-191
provision regarding vehicular DUI. Section 36 provides as follows:
 "Section 36. All other laws in conflict with this act [is] hereby repealed to the *Page 815 
extent of their conflict with this act and Section 33-5-24, Code of Alabama 1975, are [sic] specifically repealed."
Notably, the Act was enacted for the express purpose ofamending § 32-5A-191 and was never intended to repeal that provision as it relates to vehicular DUI offenses. According to the plain language of the statute, no repeal was intended and none has occurred.
The Act, at section 2, amends § 32-5A-191(a) to read, in pertinent part, as follows:
 "A person shall not drive or be in actual physical control of any vehicle or vessel, or manipulate any water skis, aquaplane, or any other marine transportation device on the waters of this state, as the waters are defined in Section 33-5-3, Code of Alabama 1975, while:
 "(1) There is a .10 percent or more by weight of alcohol in the blood. . . ."
A strained reading of the statute as amended might lead to the erroneous conclusion that the phrase "on the waters of this state" modifies the words "vehicle" and "vessel" in the above paragraph; that interpretation clearly warrants a second, more careful reading of this section. Reading this section with a clear understanding of sentence construction indicates that subsection (a) contains two separate and distinct phrases. The first phrase refers to driving or being in physical control of vehicles or vessels; the second phrase refers to manipulating other marine transportation devices on the waters of the state. The second phrase is set off by commas in such a way that indicates its distinctness from the first.
Only by failing to recognize rules of grammar and sentence construction does one read § 32-5A-191(a) as the appellant suggests. No other interpretation but the following is accurate. As written, the amended statute can correctly be read only as follows:
 "A person shall not drive or be in actual physical control of any vehicle or vessel . . . while:
 "(1) There is a .10 percent or more by weight of alcohol in the blood. . . ."
AND
 "A person shall not . . . manipulate any water skis, aquaplane, or any other marine transportation device on the waters of this state, as the waters are defined in Section 33-5-3, Code of Alabama 1975, while:
 "(1) There is a .10 percent or more by weight of alcohol in the blood. . . ."
To read subsection (a) as establishing the crime of vehicular DUI on water would offend established principles of statutory construction. As the Alabama Supreme Court stated in Parker v.Hilliard, 567 So.2d 1343, 1346 (Ala. 1990), it is the duty of this and every court "to ascertain the legislative intent from the language used in the enactment. . . . Courts are supposed to interpret statutes, not to amend or repeal them under the guise of judicial interpretation." Legislative intent may be gleaned from "the language used, the reason and necessity for the act, and the purpose sought to be obtained." Pace v.Armstrong World Indus., Inc., 578 So.2d 281, 283 (Ala. 1991) (citing Ex Parte Holladay, 466 So.2d 956 (Ala. 1985)). See also,Shelton v. Wright, 439 So.2d 55 (1983).
Looking to § 32-5A-191, as amended, in its entirety, no definition is offered for the term "vehicle." However, the term "vessel" is defined in subsection (i) of § 32-5A-191, as stated: " 'Vessel,' for the purposes of this section, shall mean any vessel as defined in Section 33-5-3, Code of Alabama 1975, operated on the waters of this state. . . ." (Emphasis added.) Section 33-5-3(1) further defines "vessel" to include "every description of watercraft, other than a seaplane,capable of being used as a means of transportation on thewater. . . ." (Emphasis added). Reading the entire § 32-5A-191
along with § 33-5-3(1), one can conclude that the term "vessel" already includes all manner of transportation capable of being operated on the water (except seaplanes). Two important points arise from this examination. First, the legislature defined a vessel to specifically exclude any means of transport incapable
of being operated as a mode of transport on water — thus, automobiles, which are vehicles designed exclusively for land transportation, are eliminated from this definition. Second, because the term "on the waters of this state" is included in the definition of vessel, to read § 32-5A-191(a) as the appellant suggests, so that that phrase modifies both the words "vehicle" and "vessel" in § 32-5A-191(a), would be redundant. Based on this reading, and upon the plain language of the statute *Page 816 
itself, we conclude that the only correct interpretation is that the offense of vehicular DUI upon the public highways of this state remains intact.
In the synopsis of the Act, the legislature stated as a primary purpose their intention to create for boating DUI offenses ". . . certain fines and penalties, parallel to the fines, penalties, and punishment for operating a motor vehicleon the public highways under the influence." (Emphasis added.) That statement clearly declares the intent of the legislature — to increase the severity of punishment for the crime of boating DUI in order that it may match the seriousness of the crime of vehicular DUI "on the public highways." As the Supreme Court of Alabama has repeatedly stated, "the fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute." Pace, at 283 (citing Clark v. Houston County Commission,507 So.2d 902 (Ala. 1987); Advertiser Co. v. Hobbie, 474 So.2d 93
(Ala. 1985); League of Women Voters v. Renfro, 292 Ala. 128,290 So.2d 167 (Ala. 1974)).
For this Court to rule that the legislature intended to do away with the offense of vehicular DUI on public highways of Alabama and instead create the offense of vehicular DUI on state waterways would be farcical. "It is well settled that . . . there are occasions when a court must correct or ignore obvious inadvertences in order to give a law the effect which was plainly intended by the legislature. . . ." Hamilton v.Smith, 264 Ala. 199, 86 So.2d 283 (1956). "The courts will not ascribe to the legislature an intent to create an absurd or harsh consequence, and so an interpretation avoiding absurdityis always to be preferred." 1A C. Sands, Sutherland StatutoryConstruction, 23.06 (4th ed. 1972) (Emphasis added).
For the foregoing reasons, this Court affirms the trial court's decision as to both convictions against the appellant.
AFFIRMED.
All the Judges concur.