The appellant, Andrae Barnett, was indicted and convicted of felony murder, a violation of § 13A-6-2(a)(3), Ala. Code 1975. Barnett was sentenced to 50 years in the state penitentiary. Barnett was also ordered to pay $250 to the victim's compensation fund, restitution in the amount of $659.90, and court costs.
On the afternoon of October 17, 1998, Morris Givens and his brother Andrae Barnett went to Daphne Golson's house to pick up Givens's three-year old daughter Jamari and take her to the fair. Daphne Golson is Jamari's mother and Givens's former girlfriend. Golson, her mother, her daughter Jamari, and her boyfriend Kevon Moses were at the home when Givens and Barnett arrived.
After their arrival, Givens and Golson argued over how their daughter was dressed. Because of this dispute, Givens decided not to take the child to the fair. As he began to leave Golson's home, Givens asked Kevon Moses if he could talk to him. Moses agreed and followed Givens and Barnett outside into the front yard. Shortly thereafter, Moses began shouting for Golson to come outside; Moses was holding a garden hoe. Moses asked Golson to watch Barnett and to keep him out of an impending fight between Moses and Givens. Moses then put the garden hoe down and the fight between him and Givens began.
Golson stepped off the porch and stopped the fight. She then began to argue with Givens. While Golson and Givens were arguing, a separate altercation began between Moses and Barnett. Golson heard a noise behind her and turned; Barnett was holding a garden hoe. According to Golson, Barnett had the hoe in his hands and Moses was backing away from Barnett. As he backed away, Moses tripped over Givens's feet, fell on his stomach, and was hit in the back of the head with the hoe by Barnett. Moses died as a result of the blow to the head. Subsequently, Barnett was arrested and indicted on the charge of felony murder.
On appeal, Barnett asserts that the trial court erred by allowing him to be charged with felony murder when the underlying felony was assault, because he argues, assault was an essential part of the homicide itself. The State argues that this issue has not been properly preserved for review. However, this issue raises the question whether there is a jurisdictional defect in the indictment. This Court can review a jurisdictional issue at any time, even if the issue is not raised by the *Page 929 
appellant. See Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987);Cole v. State, 435 So.2d 231, 233 (Ala.Cr.App. 1983).
Barnett's felony-murder conviction was premised on the underlying felony of assault in the first degree (see §13A-6-20(a)(1), Ala. Code 1975). Whether felony murder can be premised on a murder resulting from a first degree assault is a question of first impression in Alabama. The indictment stated that Barnett
 "did commit or attempt to commit the crime of Assault First Degree, a felony clearly dangerous to human life and, in the furtherence [sic] of committing or attempting to commit Assault in the First Degree on KEVON MOSES did cause the death of KEVON MOSES by striking him with a garden hoe, in violation of Section 13A-6-2, Code of Alabama, 1975."
Under Alabama law, a person commits the crime of felony murder when
 "[h]e commits or attempts to commit arson in the first degree, burglary in the first or second degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree, sodomy in the first degree, or any other felony clearly dangerous to human life and, in the course of and in furtherance of the crime that he is committing or attempting to commit, or in immediate flight therefrom, he, or another participant if there be any, causes the death of any person."
See § 13A-6-2(a)(3), Ala. Code 1975. Assault in the first degree is defined at § 13A-6-20(a)(1), Ala. Code 1975:
 "(a) A person commits the crime of assault in the first degree if:
 (1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument."
In People v. Ireland, 70 Cal.2d 522, 450 P.2d 580,75 Cal.Rptr. 188 (Cal. 1969), the Supreme Court of California addressed whether assault with a deadly weapon could constitute the predicate felony for a felony-murder charge. The appellant inIreland shot and killed his wife. During the trial, the trial court instructed the jury that it could convict Ireland of felony murder if it determined that he committed the underlying felony of assault with a deadly weapon. Id. In discussing this issue, the Supreme Court of California stated:
 "We have concluded that the utilization of the felony-murder rule in circumstances such as those before us extends the operation of that rule `beyond any rational function it is designed to serve.' (People v. Washington (1965) 62 Cal.2d 777, 783, 44 Cal.Rptr. 442, 446, 402 P.2d 130, 134.) To allow such use of the felony-murder rule would effectively preclude the jury from considering the issue of malice aforethought in all cases wherein homicide has been committed as a result of a felonious assault — a category which includes the great majority of all homicides. This kind of bootstrapping finds support neither in logic nor in law. We therefore hold that a second degree felony-murder instruction may not properly be given when it is based upon a felony which is an integral part of the homicide and which the evidence produced by the prosecution shows to be an offense included in fact within the offense charged."
70 Cal. 2d at 529, 450 P.2d at 590, 75 Cal.Rptr. at 198. Other jurisdictions have construed their felony-murder laws in a similar manner, and have held that felonious assault merges into the homicide. See e.g. State v. Essman, 98 Ariz. 228, 403 P.2d 540
(1965) (holding that where defendant shot and killed his wife, assault with a deadly weapon merged into the resultant homicide);Sullinger v. State, 675 P.2d 472, 473 *Page 930 
(Okla.Crim.App. 1984) (holding that felonious assault on corrections officer that resulted in death merged into the homicide); State v.Hanes, 729 S.W.2d 612 (Mo.Ct.App. 1987) (holding that the act of assault merges into the resultant homicide and may not be deemed a separate and independent offense that could support an instruction for felony murder). See also W. Lafave A. Scott, Jr., CriminalLaw § 7.5 at 638 (1986) (under the merger doctrine a felonious assault that results in the victim's death merges into the killing and cannot serve as the underlying felony in felony-murder case).
Conceived in the nineteenth century, the merger doctrine bars the use of the felony-murder rule when the underlying felony directly results in, or is an integral part of, the homicide. SeeState v. Strauch, 239 Kan. 203, 718 P.2d 613 (1986), and Note,The Merger Doctrine as a Limitation on the Felony-Murder Rule: ABalance of Criminal Law Principles, 13 Wake Forest L.Rev. 369, 377 (1977). Thus, under the merger doctrine, the elements of the underlying felony must be independent of the homicide. See Lafave Scott, supra, Criminal Law § 7.5 at 622. We believe that the California Supreme Court's rationale in Ireland is sound and that the "merger doctrine" should be applied in felony-murder cases in which the underlying felony is the assault that results in the victim's death.
To read the "clearly dangerous to human life" language in the felony murder rule as allowing an assault on the homicide victim to be the predicate felony for felony murder would offend the statutory construction of Alabama's homicide laws. The Legislature has defined those acts that constitute murder as well as those acts that constitute manslaughter. See §§ 13A-6-2 and13A-6-3, Ala. Code 1975. If prosecutors could prove murder by proving the intent element of assault as opposed to the requisite mens rea for murder or manslaughter, §§ 13A-6-2(a)(1) and (2),13A-6-2(b), and 13A-6-3, Ala. Code 1975 would effectively be eliminated. Clearly, such a result would be contrary to legislative intent.
The Alabama Supreme Court has held that legislative intent may be gleaned from "the language used, the reason and necessity for the act, and the purpose sought to be obtained." Pace v.Armstrong World Indus., Inc., 578 So.2d 281, 283 (Ala. 1991) (citing Ex parte Holladay, 466 So.2d 956 (Ala. 1985)). Furthermore, "it is a well established principle of statutory construction that the law favors rational and sensible construction." Goodwin v. State, 728 So.2d 662, 668 (Ala.Cr.App. 1998) (citing King v. State, 674 So.2d 1381, 1383 (Ala.Cr.App. 1995)). Moreover, "the courts will not ascribe to the legislature an intent to create an absurd or harsh consequence" but instead we must "correct or ignore obvious inadvertences in order to give a law the effect which was plainly intended by the legislature."Daugherty v. Town of Silverhill, 672 So.2d 813, 816 (Ala.Cr.App. 1995) (citing Hamilton v. Smith, 264 Ala. 199, 86 So.2d 283
(1956), and 1A C.Sands, Sutherland Statutory Construction, 23.06 (4th ed. 1972)). An examination of Alabama's murder and manslaughter statutes indicates to this Court that the Legislature did not intend for felonious assaults that result in the victim's death to serve as the underlying felony in a felony-murder charge.
For the foregoing reasons, we hold that felonious assaults that result in the victim's death merge with the homicide and therefore cannot serve as an underlying felony for purposes of the felony-murder rule. However, nothing in this opinion should be construed to mean that the "merger doctrine" is applicable to a situation in which the perpetrator of a felonious assault *Page 931 
causes the death of a person other than the assault victim. Because the indictment in this case failed to charge a valid offense, the indictment was void and the trial court was without jurisdiction to enter a judgment. See Barbee v. State, 417 So.2d 611, 613-14
(Ala.Cr.App. 1982); Fendley v. State, 272 So.2d 600, 603
(Ala.Cr.App. 1973). Therefore, we reverse the judgment and remand the case for a new trial. Because of our disposition of this issue, there is no need to address the appellant's other contentions of error.
REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.