COBB, Judge.
D.B. appeals his transfer from the Calhoun County Juvenile Court to the Calhoun County Circuit Court to be tried as an adult on charges of rape in the first degree, sodomy in the first degree, and burglary in the first degree.
The parties stipulated to the following facts: On May 3, 1997, a rape and a sodomy were committed at a residence in Calhoun County. Semen samples were taken from a blanket found at the residence. The victim told investigators that the perpetrator “could be” D.B., the victim’s 15-year-old neighbor. C.R. 33. However, no complaint was filed against D.B. at this time. On November 17, 1998, D.B. was arrested and charged as an adult with two counts of attempted assault, in the first degree, (cases CC-99-277 and CC-99-278), stemming from a November 12, 1998, incident unrelated to the rape, sodomy, and burglary incident. On July 28, 1999, D.B. entered guilty pleas in the Calhoun County Circuit Court to the reduced charges of reckless endangerment in the first degree assault cases (CC-99-277 and CC-99-278). On September 9, 1999, D.B. was placed on probation in case no. CC-99-277 and no. CC-99-278. A DNA sample was taken from D.B. while he was on probation. A comparison of D.B.’s DNA sample with the semen samples from the rape incident resulted in juvenile delinquency petitions being filed against D.B. on April 7, 2000, for the May 3, 1997, rape, sodomy, and burglary. D.B. was arrested on April 28, 2000. On May 10, 2000, D.B. was transferred from juvenile court to the circuit court without a hearing, pursuant to § 12-15-34[1] *, Ala.Code 1975, because *1146 D.B. “has been convicted in Calhoun County Circuit Court Criminal Division case numbers CC-99-277 and CC-99-278 prior to the adjudication of the above-style'd juvenile cases.” C.R. 26.
D.B. preserved the following question of law for review on appeal:
“Are the acts complained of in the instant cases ‘pending or future criminal acts’ which would terminate the juvenile court’s jurisdiction under Section 12-15-34( [j]), Code of Alabama, 1975, when the acts were allegedly committed prior to Appellant’s conviction on unrelated charges as an adult but not charged until after such conviction?”
C.R. 34. D.B. relies on language in § 12-15 — 34(j), Ala.Code 1975, which provides that “[a]ny pending or future criminal acts committed by the child” terminate the juvenile court’s jurisdiction. D.B. argues that he should not have been transferred to circuit court pursuant to § 12-15-34(j), without a hearing, because, he argues, the charges stemming from the May 3, 1997, incident were not “pending” when he was convicted as an adult of reckless endangerment. No complaint was filed against D.B. for the May 3, 1997, incident until April 7, 2000; therefore, he argues no prosecution for these charges was “pending” when he was convicted of reckless endangerment. Further, he argues that because the rape-sodomy was committed before he was convicted of reckless endangerment, those offenses were not ‘future criminal acts.” In support of this claim, D.B. cites § 15-3-7, Ala.Code 1975, which states that a prosecution begins with the return of an indictment, the issuing of a warrant, or by binding over the offender. We agree that the instant offenses were not “future criminal acts.” The rape-sodomy incident occurred before he was convicted of reckless endangerment. According to D.B., because the rape incident occurred before the reckless' endangerment incident, it was not a “pending allegation of delinquency” at the time of his subsequent July 28, 1999, convictions for reckless endangerment. We disagree.
The juvenile court correctly transferred D.B. to the circuit court without a hearing pursuant to § 12 — 15—34(j), Ala.Code 1975. The pertinent part of § 12-15-34®, Ala.Code 1975, states:
“A conviction or adjudication as a youthful offender following the transfer of a child for criminal prosecution as provided in this section shall terminate the jurisdiction of the juvenile court over that child with respect to any future criminal acts, offenses, or violations of any nature and with respect to any pending allegations of delinquency which have not been disposed of by the juvenile court at the time of the criminal conviction. Any pending or future criminal acts committed by the child shall be prosecuted as other criminal charges are prosecuted. ...”
(Emphasis added.) D.B. was convicted as an adult in the Calhoun Circuit Court for reckless endangerment. Thus, pursuant to the statute, the juvenile court lost jurisdiction over D.B. with respect to any pending or future criminal acts committed by D.B. The unsolved rape, sodomy, and burglary were criminal acts D.B. had already committed, and were under investigation when D.B. was convicted in the circuit court for reckless endangerment.
“The Alabama Supreme Court has held that legislative intent may be gleaned from ‘the language used, the reason *1147 and necessity for the act, and the purpose sought to be obtained.’ Pace v. Armstrong World Indus., Inc., 578 So.2d 281, 283 (Ala.1991) (citing Ex parte Holladay, 466 So.2d 956 (Ala.1985)). Furthermore, ‘it is a well established principle of statutory construction that the law favors rational and sensible construction.’ Goodwin v. State, 728 So.2d 662, 668 (Ala.Crim.App.1998) (citing King v. State, 674 So.2d 1381, 1383 (Ala.Crim.App.1995)). Moreover, ‘the courts will not ascribe to the legislature an intent to create an absurd or harsh consequence’ but instead we must ‘correct or ignore obvious inadvertences in order to give a law the effect which was plainly intended by the legislature.’ Daugherty v. Town of Silverhill, 672 So.2d 813, 816 (Ala.Crim.App.1995) (citing Hamilton v. Smith, 264 Ala. 199, 86 So.2d 283 (1956), and 1A C.Sands, Sutherland Statutory Construction, 23.06 (4th ed.1972)).”
Barnett v. State, 783 So.2d 927, 930 (Ala.Crim.App.2000). An examination of § 12-15-34, Ala.Code 1975, indicates that the Legislature intended to treat repeat juvenile felony offenders as adults. Thus, the Legislature clearly intended a “pending” criminal act to encompass acts committed before, but not charged until after, a conviction. Thus, the unsolved crimes in the instant case constituted pending criminal acts.
For the reasons stated above, the juvenile court’s order transferring D.B. to the circuit court to be treated as an adult is affirmed.
AFFIRMED.
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.

. The juvenile court’s transfer order cites to § 12-15-34(h), Ala.Code 1975. The Legisla *1146 ture amended that Code section in May 1996, and the correct citation is now § 12-15-34(j), Ala.Code 1975.